462 So.2d 450 (1985)
Michael Robert KRONZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 64548.
Supreme Court of Florida.
January 10, 1985.
Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Kronz v. State, 440 So.2d 49 (Fla. 1st DCA 1983), in which the district court certified direct conflict with Rehfuss v. State, 432 So.2d 639 (Fla. 4th DCA 1983), and Zulla v. State, 404 So.2d 202 (Fla. 2d DCA *451 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was arrested and held in South Carolina on a fugitive warrant for an escape from a Florida jail. He unsuccessfully fought extradition and eventually pleaded guilty to the escape charge. The question presented is whether section 921.161(1), Florida Statutes (1983), requires a trial judge to give credit for time served in a jail in another state when the defendant's incarceration is solely for a charged Florida offense. Section 921.161(1) provides as follows:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
The trial judge, relying on Kurlin v. State, 302 So.2d 147 (Fla. 1st DCA 1974), denied petitioner's motion to amend his sentence to reflect credit for the time he had served in the South Carolina jail. The district court affirmed, also relying upon its prior decision in Kurlin, in which it held that section 921.161(1) was not "applicable to periods of time incarcerated in other states." 302 So.2d at 151. In so holding, the district court acknowledged conflict with the decisions in Rehfuss and Zulla, which held that the subject statute required that credit be given for time served in other jurisdictions.
We agree with the conclusion of the First District Court of Appeal in both Kurlin and the instant case, and hold that the term "county jail" is applicable only to Florida jails and, in our view, was not intended by the legislature to apply to various places of incarceration in other jurisdictions. We note that the award of credit for time served in Florida jails prior to sentencing has not always been a matter of right. Prior to 1973, section 921.161 provided that the only credit that must be given was for that time served in a "county jail" between the imposition of sentence and the defendant's transfer to the state prison system. § 921.161(2), Fla. Stat. (1969). Clearly, the incarceration referred to in that statute could have been only in a Florida county jail. Section 921.161(1), Florida Statutes (1969), also gave the trial judge discretionary authority to award credit for time sewed in county jails prior to sentencing. This provision was amended in 1973 to mandate that such credit be given. Ch. 73-71, Laws of Fla. Interpreting the term "county jail," as used in sections 921.161(1) and (2), we conclude that section 921.161(1) requires the trial judge to give credit only for time served in Florida county jails pending disposition of criminal charges. The trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida. In this latter circumstance, the trial judge should consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced.
The record does not reflect whether the trial judge understood that he had the discretionary authority to award credit for the time the defendant served in the South Carolina jail. Under the circumstances of this cause, we approve the decision of the First District Court of Appeal but remand this case with directions to remand to the trial judge to consider whether, under his discretionary authority, he should give credit for the time served.
It is so ordered.
ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
Persons held in custody pending the trial of criminal charges suffer the same detriment regardless of the geographic location of their place of confinement. I would therefore hold that a Florida defendant held before trial on Florida charges in a jail outside the state is entitled to the same *452 benefit for pre-trial time served as a similarly situated defendant held "in the county jail before sentence" under section 921.161(1). Rather than directing the trial judge to exercise discretion to grant or deny credit for time served, I would direct that credit be given if a similarly situated prisoner held in custody in Florida before trial would receive it.
It might be suggested that an escaped prisoner who is recaptured need not be given credit at all for time in custody on escape charges where he would have been in jail or prison anyway had he not escaped. However, if an escaped prisoner recaptured in Florida receives credit for time served in Florida pending trial for escape, then a prisoner who manages to get across the state line should receive the same benefit.
I would therefore reject the decision of the court below and adopt the views expressed in the conflicting district court of appeal decisions.