THOMPSON, Judge.
The trial court had inherent discretionary authority to award credit for the *979 time the appellant spent incarcerated in a Pennsylvania jail while awaiting transfer to Florida. Kronz v. State, 462 So.2d 450 (Fla.1985). Although the record before us suggests that the trial judge was aware that he had the authority to award such credit,'it also indicates that his decision not to exercise his discretion in the matter was based on his belief that any such jail time credit awarded would apply to but one of the appellant’s two concurrent sentences, and that an award of the credit would therefore not alter the period of time appellant will ultimately have to spend in prison. However, under Daniels v. State, 491 So.2d 543 (Fla.1986) (a case not yet decided at the time the trial judge ruled on the issue presented here) credit for the time appellant was incarcerated in Pennsylvania will apply to both of the concurrent sentences herein reviewed, if the trial judge concludes that the credit should be awarded at all. Accordingly, we reverse and remand to the trial judge to give him an opportunity to exercise his discretionary authority to award credit for the time appellant served in the Pennsylvania jail.
BOOTH, C.J., and MILLS, J., concur.