PER CURIAM.
Scott Fever timely appeals the summary denial of his motion for jail credit which alleged that Fever was denied credit for time served prior to sentencing for time spent while incarcerated on a Hillsborough County detainer in Lee County, Mississippi, in extradition transit, and incarcerated in the Hillsborough County Jail.
The circuit judge denied the motion and attached to her order copies of Fever’s sentences and a copy of the “state credit time log” for one of Fever’s four charges. These attachments do not refute Fever’s claim for the time incarcerated in the Hills-borough County Jail as they do not reflect the time actually spent in the jail by Fever. Additionally, the order denying the motion states that Fever’s allegation for credit while being held on the Hillsborough County detainer was not substantiated by the Lee County Jail Records Department. It is unclear whether the court is referring to Lee County, Mississippi, records as the pertinent records are not attached to the order.
While it is not mandatory that a defendant receive credit on his sentence for time spent in an out-of-state jail, it is within the discretion of the sentencing court to award such credit. Kronz v. State, 462 So.2d 450 (Fla.1985). In view of the judge’s finding that the Lee County records did not substantiate the appellant’s claim, the trial judge apparently did not determine whether the appellant should receive credit for the out-of-state jail time.
Accordingly, we reverse the order denying the motion and remand the case to the trial court for attachments from the records or files refuting Fever’s allegations. If upon further proceedings it is determined that the Lee County, Mississippi, records do support Fever’s claim, the circuit judge may then exercise her discretion pursuant to Kronz.
Reversed and remanded.
CAMPBELL, C.J., and SCHEB and SCHOONOVER, JJ., concur.