625 So.2d 978 (1993)
Luke INCLIMA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1213.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
Luke Inclima, pro se.
No appearance for appellee.
EN BANC
PER CURIAM.
We withdraw the opinion issued in this case sua sponte and replace it with the following en banc opinion.
Inclima appeals from a summary denial of his motion made pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking to correct a claimed illegal sentence because it fails to give him credit for time served in a New York state jail while awaiting extradition to Florida. The trial judge stated:
Defendant was not arrested and subsequently extradited on the charges contained in this case, but rather was arrested and extradited on charges of uttering a forgery. Mr. Inclima was not arrested on the charges herein until May 28, 1989, well after his return to Florida.
However, no documents were attached to this order.
In Kronz v. State, 462 So.2d 450 (Fla. 1985), the Florida Supreme Court held that although section 921.161(1) requires that credit be given against a criminal sentence for time spent in the county jail while being held on the criminal charges prior to sentencing, this mandatory direction applies only to Florida county jails. However, the court said the trial judge does have inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida.
[The] trial judge should consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced.
Kronz, 462 So.2d at 451.
The trial court in this case apparently declined to exercise its discretion to give Inclima credit against his Florida sentence for time served in a New York state jail. It did so because it stated Inclima was being held in New York on other, unrelated criminal charges. In order to afford a meaningful *979 review to the trial court's exercise of discretion, we remand this cause to the trial court for attachment of the records showing Inclima is not entitled to be considered for discretionary award of jail time credit against his Florida sentence.
To the extent this case conflicts with Longo v. State, 621 So.2d 502 (Fla. 5th DCA 1993), we recede from that case, in conformity with Kronz.
REMANDED for further proceedings.
HARRIS, C.J., and DAUKSCH, COBB, W. SHARP, GOSHORN, PETERSON, GRIFFIN, DIAMANTIS and THOMPSON, JJ., concur.