650 So.2d 1087 (1995)
Darren Scott HOPPING, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2613.
District Court of Appeal of Florida, Third District.
February 22, 1995.
Rehearing Denied March 15, 1995.
*1088 Darren Scott Hopping, in pro per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, LEVY and GODERICH, JJ.
BARKDULL, Judge.
Appellant seeks review of the trial court's summary denial of a rule 3.800 motion to correct an illegal sentence.
Hopping was convicted in Suwannee County, Florida, and incarcerated in the Opa Locka Community Correctional Institution in Dade County, Florida. Hopping escaped from Opa Locka and was arrested in Indiana on unrelated burglary charges. Hopping went to trial on the Indiana charges, was found guilty and was sentenced to five years with credit for time served. In April of 1994, Hopping was extradited to Florida, and in June of that year he was found guilty of escape. The trial court sentenced Hopping to a year and a day for escape. The escape sentence runs concurrent to the Suwannee County sentence and Hopping was given credit for time served between his extradition and conviction.
By this motion Hopping argues that his sentence is illegal in that he is entitled to credit, against the Suwannee County sentence, for time served from the date of his arrest in Indiana, on unrelated burglary charges, until his conviction for escape in Florida. Hopping reasons that his Suwannee County sentence was tolled when he escaped from Opa Locka but that when he was taken into custody in Indiana the clock automatically restarted on the Suwannee sentence.
A sentence which does not grant proper credit for time served is an illegal sentence which may be corrected at any time. See and compare Jones v. State, 635 So.2d 41 (Fla. 1st DCA 1994); Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). Section 921.161(1), Florida Statutes, states that a prisoner shall receive credit for time served in the county jail prior to sentencing and for time served between sentencing and transfer to the Department of Corrections. When a prisoner escapes his sentence is tolled, upon recapture that sentence restarts and time spent in the county jail awaiting trial on the escape count shall be credited towards the original sentence. See Adams v. Wainwright, 275 So.2d 235 (Fla. 1973). The term "county jail" is applicable only to Florida jails, see Kronz v. State, 462 So.2d 450 (Fla. 1985), and the decision to award credit for time served by an escapee, who has been incarcerated in another state, solely because of a Florida charge, detainer, or warrant, is squarely within the trial court's discretion. See Kronz. Absent a clear showing that the trial court has abused that discretion this court will not disturb the trial court's determination. See Puma Enterprises Corp. v. Vitale, 566 So.2d 1343 (Fla. 3d DCA 1990). When a prisoner is incarcerated in another state on charges unrelated to a Florida charge, detainer, or warrant, that prisoner is not entitled to credit for time served in the other state. See Sims v. State, 441 So.2d 187 (Fla. 5th DCA 1983).
With the above principles in mind, we hold that Hopping was not entitled to credit against the Suwannee County sentence for time served while incarcerated in Indiana on unrelated charges, and that the trial court properly credited the Suwannee County sentence only with time served from the time of Hopping's extradition from Indiana until the date of his conviction for escape.
Affirmed.