676 So.2d 1015 (1996)
Dale A. ZYGADLO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-984.
District Court of Appeal of Florida, Fifth District.
June 21, 1996.
*1016 Dale A. Zygadlo, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Dale A. Zygadlo appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) seeking to correct an illegal sentence. Zygadlo claimed that the trial court erred when it did not give him jail credit for time served in Illinois and Putnam County, Florida, and when it sentenced him to "hard labor" for his criminal offenses. We reverse.
The trial court appropriately denied jail credit for time served in the Illinois jail. The record contains copies of the Florida judgments and sentences which establish that out-of-state jail credit was not given because Zygadlo was serving an Illinois sentence which was imposed before he was extradited to Florida for these charges. Although the sentencing court had discretion to award out-of-state jail credit, it was not compelled to do so. Kronz v. State, 462 So.2d 450, 451 (Fla.1985). In making the decision to award credit for out-of state jail time, a sentencing court should consider whether the defendant was being held solely because of Florida charges. Id. Here the record conclusively establishes that Zygadlo was in jail on Illinois charges at the time he was extradited. There is record support for the sentencing court's denial of Illinois jail credit. Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993).
Zygadlo also alleges that he is entitled to jail credit for time he served in the Putnam County jail following his extradition here and before he was tried on the Florida charges. See § 921.161(1) Fla. Stat. (1995): Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995). However, since no documents are attached to the order denying relief, we reverse the order denying relief and remand for attachment of documents refuting Zygadlo's claim that he served time in the Putnam County jail following his extradition before being tried in Florida, or to amend the judgment *1017 and sentence to provide for the additional jail credit. See Abney v. State, 661 So.2d 139 (Fla. 5th DCA 1995) (denial of 3.800 motion for jail credit reversed where court failed to attached appropriate record).
We also remand to the trial court to strike the illegal condition of "hard labor" because there is no statute that authorizes it. Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 623 (Fla. 1994); McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975), reversed on other grounds after remand, 345 So.2d 755 (Fla. 4th DCA 1977).
REVERSED and REMANDED.
DAUKSCH, GOSHORN and THOMPSON, JJ., concur.