PER CURIAM.
Nearly two years after imposition of judgment and sentence, Christopher House moved the trial court pursuant to Rule 3.800 to correct his sentence, contending that he was entitled to more jail time credit than had been awarded at the time of sentencing. On August 25,1995, the court rendered an order which purported to correct jail time credit by *98 increasing it slightly as to one case but decreasing it significantly with regard to the other two cases for which House had been sentenced. On September 18, the motion to correct illegal sentence was dismissed in light of the August 25 order. House timely appealed.[1]
We find that the trial court acted in the absence of jurisdiction when it purported to alter the amount of jail time credit to which House was entitled. Syverson v. State, 659 So.2d 1344 (Fla. 5th DCA 1995). Accordingly, we quash the orders of August 25 and September 15 and remand with directions to reinstate the jail time credit ordered when sentences were imposed.[2]
REVERSED.
BOOTH and JOANOS, JJ., concur.
BENTON, J., concurs in result.

. The notice of appeal was served on Monday, September 25, 1995, and was timely, pursuant to Haag v. State, 591 So.2d 614 (Fla.1992) as to the orders rendered on August 25 and September 18.

. In this appeal appellant has abandoned his argument made in the 3.800 motion that he was entitled to additional jail time credit,