PER CURIAM.
This is Dale Albert Zygadlo’s [“Zygadlo”] second appeal to this court. In his first appeal in 96-984, this court ruled that the trial court properly denied jail credit for time Zygadlo served in an Illinois jail. However, this court also ruled that it was error to fail to attach documents in support of the ruling that Zygadlo was not entitled to credit for time served in the Putnam County Jail following his extradition before being tried in Florida.[1] Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996).
On remand, the court again denied relief but this time included attachments in an effort to refute Zygadlo’s claim. According to the court, a memorandum from the Putnam County Sheriffs Office, “confirms that Defendant was serving an active Illinois sentence, was moved to Putnam County Jail for trial, returned to Illinois to complete the Illinois sentence, and then moved to Florida to serve his Florida sentence.” The court concluded that Zygadlo “is not entitled to jail credit when he was incarcerated on separate Illinois charges and was moved to Putnam County merely for trial.”
We disagree and hold that Zygadlo is entitled to mandatory credit for the time he was in a Florida county jail prior to sentencing for his Florida offenses. See § 921.161(1), Fla.Stat. (1995) (“[T]he court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence.”) (emphasis added). The statute does not contemplate the exception apparently envisioned by the trial court. Moreover, it is uncertain that Zygadlo would receive credit in Illinois for the time served in Florida. Cf. Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995).
SENTENCE VACATED and REMANDED.
COBB, GRIFFIN and THOMPSON, JJ., concur.

. This court also directed the trial court on remand to strike the illegal condition of “hard labor” for his offenses,