713 So.2d 1122 (1998)
Juan C. KESSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1200.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Juan C. Kessell, in proper person.
Robert A. Butterworth, Attorney General, and Douglas Gurnic, Assistant Attorney General, for appellee.
*1123 Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Juan C. Kessell appeals an order denying his postconviction motion for additional credit for time served prior to trial. We reverse.
With multiple criminal charges pending, defendant-appellant fled to New York where he was ultimately arrested. He was incarcerated for several months pending extradition. Upon his return to Florida, he entered into a plea agreement for twenty-four-month concurrent sentences with credit for time served. He contends that the credit he was awarded does not include credit for some of the time he was incarcerated in New York awaiting extradition, and the State concedes that is so.
The State opposes the award of any additional credit, arguing that a defendant is not entitled, as a matter of right, to credit for time served in other jurisdictions while awaiting transfer to Florida. See Kronz v. State, 462 So.2d 450, 451 (Fla.1985); Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995). It is also true, however, that the trial court has discretion to make an award of such credit for time served "when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced." Kronz, 462 So.2d at 451.
In this case the plea colloquy simply indicates that the plea agreement includes credit for time served. The "credit for time served" phrase was repeated numerous times in the colloquy. There was no discussion, one way or the other, about credit for the time defendant was incarcerated in New York.
It is our view that in this circumstance, where the plea agreement provided for credit for time served without limitation, the plea agreement is most logically construed as including credit for all time served, including time served in New York solely because of the Florida offense on which defendant was awaiting extradition. Having led the defendant reasonably to conclude that he would be given credit for all, not just some, of the time he spent in custody, it is too late now to suggest otherwise. That being so, the order under review is reversed and the cause remanded for recalculation of credit for time served.
Reversed and remanded.