NESBITT, Judge.
Orlando Pino-Roque timely appeals an order granting the State’s Motion to Correct Illegal Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse.
Defendant entered into a plea agreement with the State whereby he would plead guilty to cases 91-6544, 91-8353, 91-7877, and 91-4408 — in exchange for a sentence of 15 years in state prison that would run concurrent in each case, with no minimum mandatory term. At the May 10, 1994 sentencing hearing, Pino-Roque specifically requested that credit for time served be counted beginning on June 10, 1991, which is the date that he was first arrested in case 95-6544, after which he was continuously held in custody. The State did not object to this request and the trial judge responded, “Okay.”
*339 Approximately three years later, the State filed its Motion to Correct Illegal Sentence. In support of its motion for reduction of the previously awarded credit for time served, the State pointed out that the defendant was technically arrested on cases 91-8353 and 91-877 after June 10, 1991, even though he was continuously incarcerated between June 10,1991, and May 10,1994, because the State filed arrest forms on those cases some months after the June 10th date.
Defense counsel reminded the court that during the plea colloquy, defendant specifically requested that his credit for time served under the plea agreement be counted from June 10, 1991. Counsel also pointed out that when Pino-Roque made this request, to which the trial court agreed, the prosecutor made no objection. Thus, defense counsel maintained that Pino-Roque was entitled to specific performance of the plea bargain, which specifically included the disputed uniform allotment of credit for time served. Based upon the filing of these arrest forms, the trial court granted the State’s motion, giving credit from the time each arrest form was filed.
Initially the defendant argues the sentence at issue was not illegal, and thus could not be attacked by the State’s 3.800 motion. Defendant maintains the sentence could not be modified once 60 days had elapsed. See Fla. R. Crim P. 3.800. Here, the State’s motion came three years after defendant was sentenced. Florida ease law including Wiggins v. State, 680 So.2d 526 (Fla. 2d DCA 1996)(holding trial court lacked jurisdiction to modify a legal sentence more than sixty days after it was imposed), House v. State, 677 So.2d 97 (Fla. 1st DCA 1996)(coneluding trial court acted in the absence of jurisdiction when it purported to alter the amount of jail time credit to which defendant was entitled), and Syverson v. State, 659 So.2d 1344 (Fla. 5th DCA 1995) (holding that court lacked jurisdiction, more than sixty days after sentencing, to delete jail credit previously awarded), all support defendant’s argument.
Moreover under the instant facts, as we recently observed in Kessell v. State, 713 So.2d 1122, 1123 (Fla. 3d DCA 1998), “May-ing led the defendant reasonably to conclude that he would be given credit for all, not just some, of the time he spent in custody, it is too late now to suggest otherwise.”
Accordingly, the order under review is reversed. On remand, the trial court shall reinstate the original award of jail credit.