PER CURIAM.
Joseph Picariello was sentenced for violation of probation pursuant to a plea on April 16, 1998. He appeals an order denying his motion for additional credit for time served prior to trial. See Fla. R.Crim. P. 3.800. We treat this as a motion for relief under Rule 3.850, and reverse the order under review.
Picariello argues the trial court erred in not crediting him for time served in other jurisdictions while awaiting transfer to Florida. In Kessell v. State, 713 So.2d 1122, 1123 (Fla. 3d DCA 1998) we concluded as follows:
The State opposes the award of any additional credit, arguing that a defendant is not entitled, as a matter of right, to credit for time served in other jurisdictions while awaiting transfer to Florida. See Kronz v. State, 462 So.2d 450, 451 (Fla.1985); Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995). It is also true, however, that the trial court has discretion to make an award of such credit for time served “when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced.” Kronz, 462 So.2d at 451.
In this case the plea colloquy simply indicates that the plea agreement includes credit for time served. The “credit for time served” phrase was repeated numerous times in the colloquy. There was no *1186 discussion, one way or the other, about credit for the time defendant was incarcerated in New York.
It is our view that in this circumstance, where the plea agreement provided for credit for time served without limitation, the plea agreement is most logically construed as including credit for all time served, including time served in New York solely because of the Florida offense on which defendant was awaiting extradition. Having led the defendant reasonably to conclude that he would be given credit for all, not just some, of the time he spent in custody, it is too late now to suggest otherwise.
In the present case, the trial court in the sentencing transcript said “You will be given credit for any time you served in connection with that offense [circuit court case number 93-30131].”. Picariello alleges that on each of his fugitive warrants, he was picked up as a fugitive on case 93-30131. We agree that in accordance with Kessell, Picariello is entitled to out-of-state credit for time served while awaiting extradition on that charge.
Reversed and remanded for a hearing.