857 So.2d 343 (2003)
David M. KRAUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2749.
District Court of Appeal of Florida, First District.
October 17, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because it is not clear from the record whether the trial court considered granting the appellant jail credit for the time he spent in an out-of-state jail solely on Florida charges, we reverse.
In the instant case, the appellant made a facially sufficient claim of foreign jail credit by providing the dates for which he is seeking credit, providing the date of his sentence, alleging where in the record it can be shown that he is entitled to relief and alleging that he was held solely on Florida charges. See Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); State v. Mancino, 714 So.2d 429, 433 (Fla. 1998). The trial court has discretion to award, and should consider awarding, credit to defendants for time served in foreign jails while awaiting transfer to Florida, particularly when the defendant was incarcerated in another state solely on Florida charges. Kronz v. State, 462 So.2d 450, 451 (Fla. 1985). In the instant case, it is not clear from the record whether or not the trial court considered whether to grant the appellant jail credit for the time he spent in an Illinois jail.
We therefore reverse the trial court's summary denial and remand with directions for the trial court to exercise its discretion about whether to award the appellant the additional jail credit. See Aller *344 v. State, 792 So.2d 692, 693 (Fla. 1st DCA 2001); Harriman v. State, 798 So.2d 819 (Fla. 1st DCA 2001); Tyson v. State, 773 So.2d 593 (Fla. 1st DCA 2000).
REVERSED and REMANDED.
KAHN, WEBSTER, and VAN NORTWICK, JJ., concur.