878 So.2d 1275 (2004)
Lowell KYLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1843.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
Lowell Kyle, Polk City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Lowell Kyle appeals the summary denial of his Rule 3.800(a) motion for jail credit. We reverse.
On 30 March 1999, Kyle was convicted in Orange County of a lewd act upon a child. On 27 April 1999, he was sentenced to 170.2 months incarceration, with credit for 52 days time served. Kyle has two theories to support his argument for additional jail credit. First, he argues that he should have been given credit for time he spent in custody in another state. *1276 Out-of-state jail credit is discretionary, with the primary consideration being whether a defendant was held in custody in another state solely on Florida charges. See Kronz v. State, 462 So.2d 450 (Fla.1985). We conclude Kyle is not entitled to out-of-state jail credit because he did not allege that he was held in another state solely because of the Florida charge. See Dewitt v. State, 818 So.2d 692 (Fla. 5th DCA 2002). Kyle's second theory, which the state does not contest, is that he was not given credit for the time he was held in the Orange County jail. Kyle received 52 days of jail credit, measured from the date of his arrest on 17 September 1998 to his release on a bond on 7 November 1998. After Kyle was adjudicated guilty, he was remanded to custody on 30 March 1999, and sentenced on 27 April 1999. Kyle did not receive credit for this time that he was held in custody after his conviction but prior to his sentencing.
We REVERSE and REMAND with directions that Kyle be given credit of 79 days instead of 52 days.
PLEUS and ORFINGER, JJ., concur.