932 So.2d 596 (2006)
Stefano RISCALDINO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-225.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
*597 Stefano Riscaldino, Bristol, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Riscaldino appeals from the summary denial of his motion to allow him credit for jail time filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because it is unclear from the court's order and record whether the trial judge understood that he had discretionary authority to award credit in this case, we remand this cause to the trial judge for further proceedings.
The record establishes that on November 12, 1996, while he was an inmate in Canada, Riscaldino was detained pursuant to a Volusia County arrest warrant for second degree murder and fraudulent use of a credit card. He did not waive extradition and initiated plea negotiations with the State of Florida for the lesser charge of manslaughter. After 186 days, the extradition and plea agreement were finalized. Riscaldino was then brought back to Florida where he was incarcerated in the Volusia County jail.
On August 28, 1997, Riscaldino was sentenced to fifteen years for manslaughter and two years for fraudulent use of a credit card, to run concurrently, followed by three years on probation. The trial court awarded Riscaldino credit for 105 days time served in the Volusia County Jail, prior to sentencing. However, it denied Riscaldino credit for the time served in Canada while awaiting extradition to the United States. Riscaldino asserts that he was being held in Canada during that time, solely because of the Florida charges. The trial court expressly denied credit for time served in Canada because Riscaldino had declined to waive extradition.
Section 921.161(1), Florida Statutes provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
Kronz v. State, 462 So.2d 450 (Fla.1985), addressed the issue of whether section 921.161(1) requires a trial judge to give credit for time served in a jail in another state, when the defendant is incarcerated solely because of a charged Florida offense. The court held that the defendant in that case was not entitled to credit on his sentence for time served in South Carolina on a Florida warrant while fighting extradition. But it stated the trial judge does have inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida. Because there was no indication in the record as to whether the trial judge in that case understood he had the discretionary authority to award credit for time *598 served in South Carolina, the court remanded to the trial judge to consider whether, through the exercise of his discretionary authority, he should give credit for time served. Id. at 451. See also Longo v. State, 629 So.2d 1094 (Fla. 5th DCA 1994).
This court has cited Kronz as authority to uphold the denial of an award of credit for time served out-of-state where the defendant was serving time on an out-of-state offense and not simply awaiting transfer to Florida. See, e.g., Zygadlo v. State, 676 So.2d 1015 (Fla. 5th DCA 1996) (holding that the defendant was not entitled to Florida sentencing credit for time defendant served in Illinois jail, where defendant was in jail on Illinois charges at time he was extradited); Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993) (remanding the cause to the trial court for attachment of the records showing that he was being held in New York on other, unrelated criminal charges, and therefore, not entitled to be considered for discretionary award of jail time credit against his Florida sentence).
Based on these authorities, we conclude that Riscaldino is not entitled to additional credit for time served in Canada solely on Florida charges, while awaiting transfer to Florida. However, the trial court had inherent discretionary authority to award credit in such circumstances.
Accordingly, we remand this case to the trial judge to consider whether, through the exercise of his discretionary authority, he should give credit for the time served in Canada, under these stated circumstances.
PLEUS, C.J., SHARP, W., and SAWAYA, JJ., concur.