958 So.2d 543 (2007)
Keith TRIBBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1537.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Keith Tribble, San Luis Obispo, California, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's motion for additional jail credit for time served in jail in another state. Appellant filed the motion seeking additional credit following our decision in Tribble v. State, 948 So.2d 52 (Fla. 4th DCA 2007). We write to clarify that a trial court may, but is not required to, award credit for time served in jail in another state when the defendant was incarcerated there based solely on Florida charges. Kronz v. State, 462 So.2d 450 (Fla.1985) (holding that the jail credit statute applies to Florida jails only and not to jails in other states, but courts have discretion to award credit when the defendant is incarcerated in another state based solely on Florida charges). The rule of Gethers v. State, 838 So.2d 504 (Fla.2003), applies to time served in jail in another Florida county only, not to time served in jail in another state.
*544 Here, appellant is clearly not entitled to additional jail credit, because the records he identified show that he was incarcerated in another state on unrelated charges. Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995) (holding that "[w]hen a prisoner is incarcerated in another state on charges unrelated to a Florida charge, detainer, or warrant, that prisoner is not entitled to credit for time served in the other state") (citation omitted).
GUNTHER, FARMER and KLEIN, JJ., concur.