984 So.2d 577 (2008)
Julio A. GOMEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-791.
District Court of Appeal of Florida, Fourth District.
May 28, 2008.
Rehearing Denied July 10, 2008.
*578 Julio A. Gomez, Daytona Beach, pro se.
No appearance required for appellee.
PER CURIAM.
Julio Gomez appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion which sought additional jail credit for time Gomez was incarcerated in Pennsylvania. The motion alleged that Gomez was held in Lancaster County, Pennsylvania on the Broward County warrant in this case from February 24, 2004 through March 14, 2004. Gomez's motion alleged that counsel was ineffective in failing to assure that Gomez received this credit when he entered a guilty plea in October 2005.
We affirm the denial of Gomez's motion because he failed to establish that counsel was deficient in failing to seek this credit and failed to show a reasonable probability that, had counsel sought this credit, the trial court would have abused its discretion in denying it. Gomez did not discuss whether the amount of jail credit he would receive was discussed during his plea hearing. Gomez was sentenced by the same judge that denied this postconviction motion. That same judge also granted Gomez's post-sentence motion to mitigate sentence, reducing Gomez's sentence from 15 years to 12 years in prison. Gomez' claim regarding less than one month of out-of-state jail credit, to which he is not clearly entitled, does not warrant postconviction relief for ineffective assistance of counsel.
As explained in the state's response, which was adopted and attached by the trial court to its order of denial, a defendant is not entitled to credit for time served in another state even if the Florida case is the sole basis for defendant's incarceration in that state. Kronz v. State, 462 So.2d 450, 451 (Fla.1985) (holding that jail credit statute was intended to apply only to time spent in Florida jails and not time spent in jails in other jurisdictions). Kronz recognizes, however, that a trial judge has "inherent discretionary authority" to award credit for time served in other jurisdictions while awaiting transfer to Florida. Id. The court in Kronz remanded the case for reconsideration by the trial judge that denied the motion to correct illegal sentence because the record did not reflect whether the judge was aware of this discretionary authority. Id.
Since the Kronz decision, other district courts have reversed orders denying rule 3.800(a) motions raising this issue where the record did not reveal whether the trial judge had exercised discretion regarding the out-of-state jail credit. Krause v. State, 857 So.2d 343 (Fla. 1st DCA 2003); Riscaldino v. State, 932 So.2d 596 (Fla. 5th DCA 2006). Courts have required these motions to allege that the movant was held in the other state solely on the Florida charge. See Kyle v. State, 878 So.2d 1275 (Fla. 5th DCA 2004). Gomez's motion did not allege that he was held in Pennsylvania solely on the Florida charge, and a defendant is not entitled to credit for time jailed in another state on charges unrelated to the Florida offense. Tribble v. State, 958 So.2d 543 (Fla. 4th DCA 2007).
We have considered whether Gomez's motion could have been treated as a motion seeking additional jail credit under rule 3.800(a), and we agree with the Second District's recent holding that a claim seeking additional jail credit for time served in jail in another state is not cognizable in a 3.800(a) motion. Garnett v. State, 957 So.2d 32, 33 (Fla. 2d DCA 2007) (en banc) (receding from prior decisions to the contrary). The position we take on *579 this issue today, and the holding in Garnett, conflict with Krause, Riscaldino, and other decisions that have permitted out-of-state jail credit claims to be raised in 3.800(a) motions. See Mackall v. State, 961 So.2d 1111 (Fla. 5th DCA 2007) (affirming denial of 3.800 motion because it was clear from the motion that the court chose not to exercise its discretion at sentencing). See also Miller v. State, 829 So.2d 354 (Fla. 5th DCA 2002); Strehle v. State, 815 So.2d 705 (Fla. 1st DCA 2002); Harriman v. State, 798 So.2d 819 (Fla. 1st DCA 2001); Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993) (remanding in 3.800(a) proceedings where it was not clear whether the court had exercised its discretion or not).
Because the award of out-of-state jail credit under Kronz is discretionary, a rule 3.800(a) movant cannot show an "entitlement" to this additional jail credit as is required by the rule and caselaw. We acknowledge that Kronz itself originated from the denial of a 3.800(a) motion and that the Florida Supreme Court remanded that case for further proceedings. It did not, however, expressly address the availability of relief pursuant to Rule 3.800(a) for future cases. The legal landscape surrounding 3.800(a) motions has changed a great deal since 1985 when Kronz was decided. Importantly, the concept of what constitutes an "illegal sentence" for rule 3.800(a) purposes has been substantially refined.
The Florida Supreme Court held in State v. Mancino, 714 So.2d 429 (Fla.1998), that a failure to grant proper credit for time served in county jail before sentencing constitutes an illegal sentence for rule 3.800(a) purposes if the entitlement can be discerned from the face of the record. The court reasoned that, under section 921.161(1), the trial court had no discretion to deny credit for time served in county jails before sentencing. Id. at 433. See also Carter v. State, 786 So.2d 1173 (Fla. 2001) (explaining that a sentence is illegal if it imposes a kind of punishment that no judge under the entire body of sentencing law could impose under any set of factual circumstances).
After Mancino, a rule 3.800(a) movant cannot show that the face of the record conclusively shows an "entitlement" to out-of-state jail credit which, according to Kronz, is discretionary, not mandatory. A sentence that fails to award out-of-state jail credit is not "illegal" for purposes of rule 3.800(a) because a trial court has discretion to award the credit or deny it. Mancino was premised on the notion that a trial court lacked discretion to deny credit for time served in county jails before sentencing. 714 So.2d at 433. Such is not the case with out-of-state jail credit which is expressly discretionary.
Further, under the definition of an illegal sentence approved in Carter, a sentence that fails to award out-of-state jail credit is not illegal because, depending on the factual circumstances, the court may or may not abuse its discretion in failing to award the credit. Carter's definition of an illegal sentence provides that it must be a sentence that cannot be imposed under "any set of factual circumstances." 786 So.2d at 1181. The question of whether a trial court abused its discretion in denying out-of-state jail credit turns almost exclusively on the particular factual scenario presented by the case. Thus, the failure to award out-of-state jail credit does not result in a sentence that no judge could legally impose under "any set of factual circumstances" because, under some circumstances, the denial of such credit would not be an abuse of discretion. As this court noted in Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999), "[I]f it is possible under all the sentencing *580 statutes-given a specific set of facts-to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it."
The legal current running through Mancino and Carter suggest that claims regarding the trial court's failure to award discretionary jail credit should be raised on direct appeal or in a timely 3.850 motion; and not in a 3.800(a) motion. Our supreme court has not directly spoken to the issue. Nevertheless, here Gomez did not show that counsel was deficient or that the trial court abused its discretion in refusing to award credit for the time Gomez served in Pennsylvania. Gomez pleaded a sufficient claim, but failed to carry his burden of demonstrating ineffective assistance of counsel. His motion was properly denied.
Affirmed.
SHAHOOD, C.J., WARNER and MAY, JJ., concur.