993 So.2d 1107 (2008)
LeSamuel PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2047.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1108 LeSamuel Palmer, Raiford, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
LeSamuel Palmer has appealed the summary denial of his rule 3.850 motion, alleging ineffective assistance of counsel during his revocation of community control proceedings. We affirm in part and reverse in part.
We affirm, without comment, the denial of grounds one through four of Palmer's rule 3.850 motion and that portion of ground five alleging that counsel was ineffective in failing to object to the fifteen-year sentence imposed upon the revocation of community control. In ground five, though, Palmer also made the further claim that he was entitled to credit for time spent in custody in Georgia. While such a claim is cognizable in a rule 3.850 motion, Palmer's motion failed to contain all the allegations necessary to state a facially sufficient claim for relief. See Gomez v. State, 984 So.2d 577, 580 (Fla. 4th DCA 2008) (holding claim for foreign jail credit should be raised on direct appeal or in a timely rule 3.850 motion); Krause v. State, 857 So.2d 343 (Fla. 1st DCA 2003) (addressing pleading requirements for claim of entitlement to foreign jail time credit). Nonetheless, and as conceded by the State in response to our earlier show cause order, Palmer should have been afforded leave to amend this portion of ground five so as to state a legally sufficient claim. See Spera v. State, 971 So.2d 754, 761 (Fla.2007). Thus, we reverse the summary denial of that portion of ground five alleging entitlement to foreign jail time credit and remand with instructions that the trial court strike this portion of ground five with leave for Palmer to amend such claim within a specific period of time. Id.
Affirmed in part; reversed in part; and remanded.
KLEIN, STEVENSON and DAMOORGIAN, JJ., concur.