PER CURIAM.
 

 Appellant appeals the denial of his rule 3.800(a) motion seeking credit for seven days of jail time served in Georgia. We affirm because the relief that Appellant is seeking is not available under rule 3.800(a), but rather must be raised on direct appeal or in a timely rule 3.850 motion.
 
 See Gomez v. State,
 
 984 So.2d 577, 578 (Fla. 4th DCA 2008) (“[A] claim seeking additional jail credit for time served in jail in another state is not cognizable in a 3.800(a) motion.”);
 
 Garnett v. State,
 
 957 So.2d 32, 33 (Fla. 2d DCA 2007) (en banc) (“If a defendant is seeking out-of-state jail credit in a postconviction proceeding, it would appear that the proper method to seek such relief would normally require a timely allegation of ineffective assistance of trial counsel under rule 3.850.”).
 

 The result in this case would have been the same even if the trial court had properly considered Appellant’s motion under rule 3.850. Therefore, we see no reason to remand this case to the trial court for consideration under that rule.
 

 First, the motion is legally insufficient under rule 3.850 because it was not signed and is not under oath as required by paragraph (c) of the rule.
 

 Second, even if the motion had been signed and under oath, summary denial would have been appropriate under paragraph (d) of the rale because the record reflects that Appellant was arrested in Camden County, Georgia, for two violations of Georgia law—noise violation (loud music from vehicle) and driving with suspended license'—not for his outstanding Duval County warrant. Thus, as found by the trial court, the face of the record refutes Appellant’s assertion that he was being held in Georgia “solely for the Duval County warrant, and no other charge or reason.”
 

 Third, the law is clear that a defendant is not “entitled” to credit for time served in another state even if the Florida case is the sole basis for defendant’s incarceration in the other state.
 
 See Kronz v. State,
 
 462 So.2d 450, 451 (Fla.1985) (holding that the award of such credit is within the trial court’s “inherent discretionary authority”). This being so, a defendant is certainly not “entitled” to credit for out-of-state time served
 
 unrelated to the Florida case,
 
 and we are unaware of any authority that would even permit the trial court to award credit under such circumstances. Thus, even if Appellant’s trial counsel failed to preserve this issue for direct appeal by requesting that the trial court give Appellant credit for the time served in Georgia, counsel could not have been ineffective for failing to do so.
 

 We recognize that the supreme court held in
 
 State v. Mancino,
 
 714 So.2d 429, 433 (Fla.1998), that “credit time issues are cognizable in a rule 3.800 motion when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief.” However,
 
 Mancino
 
 involved a
 
 *799
 
 claim for credit for time served in Florida, not in another state. And, as explained in
 
 Gomez,
 

 a rule 8.800(a) movant cannot show that the face of the record conclusively shows an “entitlement” to out-of-state jail credit which, according to
 
 Kronz
 
 is discretionary, not mandatory. A sentence that fails to award out-of-state jail credit is not “illegal” for purposes of rule 3.800(a) because a trial court has discretion to award the credit or deny it.
 
 Mancino
 
 was premised on the notion that a trial court lacked discretion to deny credit for time served in county jails before sentencing. 714 So.2d at 433. Such is not the case with out-of-state jail credit which is expressly discretionary.
 

 Further, under the definition of an illegal sentence approved in
 
 Carter [v. State,
 
 786 So.2d 1173 (Fla.2001) ], a sentence that fails to award out-of-state jail credit is not illegal because, depending on the factual circumstances, the court may or may not abuse its discretion in failing to award the credit.
 
 Carter’s
 
 definition of an illegal sentence provides that it must be a sentence that cannot be imposed under “any set of factual circumstances.” 786 So.2d at 1181. The question of whether a trial court abused its discretion in denying out-of-state jail credit turns almost exclusively on the particular factual scenario presented by the case. Thus, the failure to award out-of-state jail credit does not result in a sentence that no judge could legally impose under “any set of factual circumstances” because, under some circumstances, the denial of such credit would not be an abuse of discretion.
 

 984 So.2d at 579.
 

 We also recognize that we have previously reviewed claims such as Appellant’s on appeal from the denial of a rule 3.800(a) motion.
 
 See, e.g., Krause v. State,
 
 857 So.2d 343 (Fla. 1st DCA 2003);
 
 Harriman v. State,
 
 798 So.2d 819 (Fla. 1st DCA 2001). However, the issue in those cases was whether the trial court had the authority to grant credit for time served in an out-of-state jail, not whether rule 3.800(a) was a proper vehicle for the defendant to seek that relief. Thus, those cases do not control our decision in this case, nor do they preclude us from following
 
 Gomez
 
 and
 
 Garnett
 
 and holding that post-conviction claims seeking out-of-state jail credit are not cognizable under rule 3.800(a).
 

 For the foregoing reasons, the trial court’s order is affirmed.
 

 AFFIRMED.
 

 HAWKES, C.J., and WETHERELL, J., concur; WOLF, J., concurs in result.