PER CURIAM.
 

 We affirm the trial court’s denial of appellant’s Rule 3.800(a) motion which sought additional presentence jail credit. Appellant failed to timely file an amended Rule 3.850 motion seeking discretionary out-of-state jail credit following this court’s remand in
 
 Palmer v. State,
 
 993 So.2d 1107 (Fla. 4th DCA 2008). Appellant cannot seek discretionary jail credit in a Rule 3.800(a) motion.
 
 See Gomez v. State,
 
 984 So.2d 577 (Fla. 4th DCA 2008).
 

 Appellant’s claim seeking credit for time spent on community control is without merit.
 
 See
 
 § 948.06(3), Fla. Stat. (2003);
 
 State v. Cregan,
 
 908 So.2d 387 (Fla.2005).
 

 Appellant’s motion alleged that on January 1, 2004 he was held in a Brevard County jail awaiting transport to Broward County for this case. This claim was not addressed by the state’s response below or by the trial court. Appellant failed to state a sufficient claim because he failed to identify and explain how an entitlement to additional credit could be determined from the face of the record.
 
 See
 
 Fla. R.Crim. P. 3.800(a);
 
 Toro v. State,
 
 719 So.2d 947, 948 (Fla. 4th DCA 1998).
 

 As to the claim regarding time spent in Brevard County jail while awaiting transport to Broward County, we affirm without prejudice for appellant to file another Rule 3.800(a) motion which properly pleads this claim.
 
 See Gethers v. State,
 
 798 So.2d 829, 832 (Fla. 4th DCA 2001) (holding that defendant was entitled to credit for time served in County A’s jail where he was held there solely on County B’s charges while awaiting transfer to County B’s jail).
 

 The Brevard County circuit court and jail records may establish appellant’s entitlement to this additional credit.
 
 See Bur
 
 
 *1179
 

 gess v. State,
 
 831 So.2d 187, 141 (Fla.2002) (recognizing that a Rule 3.800(a) claim can be resolved by review of jail administration records);
 
 Nelson v. State,
 
 760 So.2d 240, 241 (Fla. 4th DCA 2000).
 

 Affirmed without prejudice as to one claim
 

 MAY, C.J., GROSS and DAMOORGIAN, JJ., concur.