PER CURIAM.
Corey Lake (Defendant) appeals an order summarily denying his “motion for credit for time served,” filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm.
In his motion, Defendant alleged it was his understanding, when he entered his negotiated plea, that he would receive credit not only for the time he served in the Broward County Jail before sentencing, but also for the time he was detained in the county jail in Passaic, New Jersey on federal charges based on the same incident, before the federal charges were dismissed; and for the time he spent in jail in Delaware County, New York, and in transit to Florida, after his arrest on the Florida warrant issued in connection with the instant charges, time which totaled almost 300 days.[1] At the sentencing hearing, the trial court agreed to give him credit for *235 time served, but no one clarified that the number of days which the clerk announced and which the trial court accepted represented only the days which Defendant had served in the Broward County jail.
However, rule 3.800(a) is not an appropriate vehicle with which to seek out-of-state jail credit, see Gomez v. State, 984 So.2d 577, 578-79 (Fla. 4th DCA 2008); Garnett v. State, 957 So.2d 32 (Fla. 2d DCA 2007) (en banc) (receding from cases such as Robbins v. State, 799 So.2d 1093 (Fla. 2d DCA 2001)); West v. State, 22 So.3d 797 (Fla. 1st DCA 2009); Sambolin v. State, 2 So.3d 1097 (Fla. 5th DCA 2009). Cf. Picariello v. State, 728 So.2d 1185 (Fla. 3d DCA 1999) (considering the issue after treating appellant’s rule 3.800(a) motion as if it had been filed pursuant to rule 3.850), and the time within which Defendant could have filed a timely rule 3.850 motion expired in December 2008, over a year before this instant motion was filed.

Affirmed.

MAY, C.J., GROSS and HAZOURI, JJ., concur.

. In the motion, Defendant sought an additional 289 days of credit; in his initial brief, he corrected the number to 297.