PER CURIAM.
Thomas J. Brooks appeals the denial of his motion seeking additional jail credit, which he filed pursuant to Florida Rule of Criminal Procedure 8.800(a). Brooks sought credit against his prison sentence for time spent in jail in Georgia following the transmission of a warrant there, prior to his being transported to Florida. We affirm without prejudice.
Brooks filed the instant motion in Bro-ward County circuit court case numbers 07-23195 and 08-5908, in which he originally was sentenced to a prison term followed by probation. Following the revocation of his probation, he was sentenced in both cases, concurrently, to a new prison sentence, with credit for 441 days of county jail time (as well as credit for all time previously served in prison). In his motion, he claimed he had been incarcerated in the Cook County Jail in Adel, Georgia, from December 16, 2009, to April 5, 2010, and requested additional jail time credit from December 19, 2009 (the date of the warrant was transmitted to that jail based on the charges in this case), through April 5, 2010, when he was transported to Bro-ward County, Florida, a total of 107 days, which the trial court did not allow when it sentenced him.
The state’s response confirmed that the 441 days of credit included time Brooks spent in jail prior to his initial prison term, plus the period from April 6, 2010, when he was returned from Georgia, through July 15, 2010, the date of sentencing, another 101 days. It acknowledged that a trial judge has discretion to award credit for time served in other jurisdictions while awaiting transfer to Florida, e.g., Kronz v. State, 462 So.2d 450 (Fla.1985); Martin v. State, 796 So.2d 1271 (Fla. 4th DCA 2001), but it recommended the trial court exercise its discretion to deny Brooks credit for the time he served in Georgia because he had not demonstrated that he was held there solely on the Florida warrant. See Tribble v. State, 958 So.2d 543 (Fla. 4th DCA 2007) (affirming denial of motion for additional jail time credit; defendant clearly was not entitled to jail credit for time spent incarcerated in another state because records demonstrated he was incarcerated there on unrelated charges).
A claim that a defendant is entitled to out-of-state jail credit is not cognizable in a rule 3.800(a) motion; such a claim must be raised either on direct appeal or in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel. Lake v. State, 72 So.3d 234 (Fla. 4th DCA 2011), and cases cited therein; Wombaugh v. State, 25 So.3d 707 (Fla. 2d DCA 2010).
Although Brooks’s motion was filed within the time for filing a timely rule 3.850 motion, it was not under oath, he did not allege that trial counsel was ineffective in failing to request that the trial court award out-of-state jail credit, and he did not allege that he was held in Georgia solely on the warrant in this case. Our affirmance therefore is without prejudice to any right he may have to file a facially sufficient rule 3.850 motion making those allegations under oath, if he can do so in good faith. Because the two-year time limit of rule 3.850(b) expired while this appeal was pending, Brooks shall have sixty days from the date of the mandate in this ease in which to file such a motion, and the postconviction court shall consider the motion timely filed.

Affirmed without prejudice.

STEVENSON, GROSS and HAZOURI, JJ., concur.