PER CURIAM.
Miguel Bonilla appeals the denial of his motion seeking additional jail time credit, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Bonilla sought credit against his prison sentence for time he spent in jail in Georgia before being transported to Florida to face charges in the instant case. The denial was based on a state response that his documentation did not suffice to show that he was being held in Georgia in connection with the instant case, and also that he had waived additional credit by agreeing, in the course of his plea colloquy, to the number of days the court awarded, 1035 days. The state also attached a copy of the plea agreement, signed by the state, defense counsel, and Bonilla, which provided for 1035 days of jail time credit, not the 1160 he now sought.
Challenges to plea agreement provisions concerning credit for time served are not cognizable in rule 3.800(a) motions because they present factual questions that cannot be resolved on the basis of trial court records. Johnson v. State, 60 So.3d 1045 (Fla.2011). Furthermore, regardless of the sufficiency of the documentation and regardless of whether the colloquy sufficed to constitute a waiver, a claim that a defendant is entitled to out-of-state jail credit is not cognizable in a rule 3.800(a) motion; such a claim must be raised either on direct appeal or in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Gomez v. State, 984 So.2d 577 (Fla. 4th DCA 2008); West v. State, 22 So.3d 797 (Fla. 1st DCA 2009); Sambolin v. State, 2 So.3d 1097 (Fla. 5th DCA 2009); Garnett v. State, 957 So.2d 32 (Fla. 2d DCA 2007) (en banc).
However, even by the time Bonilla filed his prior motion raising this same claim, the time to file a motion pursuant to rule 3.850 already had expired. Thus, this claim cannot now be raised.

Affirmed.

CIKLIN, GERBER and CONNER, JJ., concur.