IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SEAN JAMES KOEHLER,

       Appellant,

v.                                      Case No.  5D17-4062

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed July 6, 2018

3.850 Appeal from the Circuit
Court for Orange County,
A. James Craner, Judge.

John P. Guidry, II, of the Law Firm of
John Guidry, P.A., Orlando, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      We reverse in part the summary denial of Appellant's Florida Rule of Criminal

Procedure 3.850 motion.  Appellant challenges the summary denial of Ground One of his

motion in which he claimed that counsel misadvised him about eligibility for youthful

offender sentencing, causing him to reject a plea offer.  The allegations are insufficient in

that Appellant did not allege all of the *Alcorn*[1] factors. Nevertheless, Appellant should be given an opportunity to amend. *See Charles v. State*, 193 So. 3d 46, 47 (Fla. 3d DCA 2016).

The trial court also erred in summarily denying that portion of Ground Five in which Appellant alleged that his trial counsel was ineffective in failing to object to the court's failure to give him credit for time served in jail in North Carolina on the Florida offenses. This claim is cognizable in this proceeding. *See Bonilla v. State*, 110 So. 3d 492, 492 (Fla. 4th DCA 2013) (holding that claim seeking out-of-state jail credit may be raised on direct appeal or in rule 3.850 motion). Because Appellant was not required to provide proof of his allegations at this stage, his failure to prove entitlement to the out-of-state credit does not support summary denial. Accordingly, an evidentiary hearing on this portion of Ground Five is necessary unless other records refute the claim.

In all other respects, we affirm.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

TORPY, BERGER and LAMBERT, JJ., concur.

---

[1] *Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013).