# Third District Court of Appeal

## State of Florida

Opinion filed January 9, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2350
Lower Tribunal No. 06-27519
_____

**Roque Esteban Calafell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Roque Esteban Calafell, in proper person.

Ashley Brooke Moody, Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

We affirm the trial court's order, which denied appellant's motion seeking additional credit for time spent in custody in an Argentine jail awaiting extradition to Florida to face charges in the instant case. See § 921.161(1), Fla. Stat. (2006) (providing: "A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.  The credit must be for a specified period of time and shall be provided for in the sentence"); Kronz v. State, 462 So. 2d 450, 451 (Fla. 1985) (holding that section 921.161(1), Florida Statutes, requires a trial judge to give credit for time served in Florida county jails pending disposition of criminal charges, but does not require awarding such credit for time spent in jails in other jurisdictions; further noting that "[t]he trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida.  In this latter circumstance, the trial judge should consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced") (emphasis added).

The order on appeal expressly provides that the trial court considered the facts and circumstances surrounding appellant's request, and exercised its discretion in denying same.  We find no abuse of that discretion. Howey v.  State, 813 So. 2d 1030 (Fla. 3d DCA 2002); Gomez v. State, 984 So. 2d 577 (Fla. 4th DCA 2008).

2

Affirmed.