# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1796
Lower Tribunal No. F07-16864

————————————

**Damien Broughton,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Damien Broughton, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before MILLER, LOBREE and GOODEN, JJ.

PER CURIAM.

After pleading guilty to attempted felony murder and armed robbery, Appellant Damien Broughton was sentenced to concurrent sentences of ten years in prison to be followed by five years of probation. Broughton served his prison sentence and was released on probation.

While on probation, Broughton traveled to several states where he continued to break the law. In Louisiana, Broughton was charged with aggravated second-degree battery. In Tennessee, Broughton was charged with larceny, and later for being a "Fugitive from Justice" after jumping bond. Broughton was subsequently arrested at Miami International Airport attempting to leave the country. He had an outstanding warrant for a probation violation in Florida.[1]

Broughton filed a 3.850 motion alleging ineffective assistance of counsel. He asserted:

> I was originally arrested on April 10, 2019 in Sulphur, Louisiana. A detainer was placed on me for Miami-Dade County in this case. I was detained longer and moved because of a natural disaster that destroyed the city of Lake Charles. Then, I was extradited twice to Williamson County, Tennessee and then to Miami-Dade. I never received the credit for that time on my plea.

---

[1] For the probation violation, Broughton was resentenced to a concurrent sentence of sixteen years in prison. He was awarded 3,195 days of jail credit.

He attached various documents from his Louisiana and Tennessee cases in support. As relief, he requested 1,162 days of jail credit. The trial court summarily denied the motion. Broughton appealed.

Section 921.161, Florida Statutes, provides in pertinent part:

> A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.

§ 921.161(1), Fla. Stat. But "the term 'county jail' is applicable only to Florida jails" and does not apply to "incarceration in other jurisdictions." Kronz v. State, 462 So. 2d 450, 451 (Fla. 1985). "The trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida." Id. at 451. See also Garnett v. State, 957 So. 2d 32, 33 (Fla. 2d DCA 2007) ("Such out-of-state jail credit is not credit that a defendant is entitled to receive as a matter of law, but is instead an issue that is within the inherent discretion of the sentencing court.").

Yet Broughton did not provide sufficient information and documentation to carry his burden of proving ineffective assistance of counsel. See Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989). He did not—and could not—show that he was held in another state solely on the

3

Florida charge.  See Gomez v. State, 984 So. 2d 577, 580 (Fla. 4th DCA 2008).  Instead, the documentation provided shows he was held in other states for charges pending in those states—completely unconnected to Florida.  See Hopping v. State, 650 So. 2d 1087, 1088 (Fla. 3d DCA 1995). Finding no error in the trial court's denial of Broughton's motion, we affirm.

Affirmed.