771 So.2d 1264 (2000)
Charles DeGESO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2810.
District Court of Appeal of Florida, Second District.
November 15, 2000.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Charles DeGeso appeals his convictions for two counts of trafficking in cocaine in violation of section 893.135, Florida Statutes (1995); passing a worthless check in violation of section 832.05(2), Florida Statutes (1995); and failure to appear in violation of section 843.15, Florida Statutes (1995). He raises nine issues on appeal. We see no basis for reversing the convictions, and they are affirmed without discussion. We reverse the sentences, however, and remand for resentencing in accordance with this opinion.
DeGeso argues that the trial court erred by scoring four of the points for prior record because the offenses were committed more than ten years prior and he had a clean record for the intervening ten-year period. The State argued below that the release dates fell within the previous ten years, but the State did not introduce any documentary evidence to support its argument. On appeal, the State contends that this claim was abandoned, but this contention is not supported by the record.
*1265 "When the defense challenges prior convictions and the accuracy of the scoresheet, the state has the burden of producing competent evidence of the disputed conviction." Watson v. State, 591 So.2d 951, 953 (Fla. 2d DCA 1991). Here, the State offered no evidence, only argument by the prosecutor. Accordingly, we reverse and remand for resentencing with a new scoresheet. The trial court must use a 1994 scoresheet because, as the State concedes, DeGeso's offense dates fall within Heggs v. State, 759 So.2d 620 (Fla.2000) (holding 1995 sentencing guidelines unconstitutional).
Finally, DeGeso argues that the trial court erred by denying credit for time served in the New Jersey prison system while he was being held on the Florida detainer. A trial judge has "inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida." Kronz v. State, 462 So.2d 450, 451 (Fla.1985). In exercising this discretion, a trial court should consider whether the defendant was being held "solely because of the Florida offense for which he or she is being sentenced." 462 So.2d at 451. Because the record reveals the trial court did not understand that it had this discretion, we direct that the matter be addressed on remand.
Convictions affirmed; sentences reversed; remanded for resentencing.
ALTENBERND, A.C.J., and FULMER, J., Concur.