790 So.2d 1204 (2001)
Carter D. HEUTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-141.
District Court of Appeal of Florida, Second District.
August 3, 2001.
SILBERMAN, Judge.
Carter D. Heuton appeals from the summary denial of his motion for correction of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Heuton sought credit for time served while being held in an Arizona jail on a warrant issued in this case. We reverse because the trial court did not attach records *1205 or set forth any grounds supporting the denial of credit.
In the motion for correction of sentence Heuton alleged that he had been arrested in Maricopa County, Arizona, on April 27, 1989, for possession of stolen property. He claimed that on April 28, 1989, the State of Florida issued a warrant against him. He also claimed that he was unable to post bond on either the Arizona charge or the Florida warrant. Although Heuton asserted in his appellate brief that the Arizona charge was dismissed, the motion which was filed in the trial court did not contain that statement; rather, it simply concluded that Heuton was held in Arizona solely because of the Florida charge. In the motion, Heuton requested jail time credit from April 27, 1989, until January 6 or 7, 1990; in the brief, he claims credit from August 25, 1989, until January 7, 1990.
The trial court, in its order denying relief, indicated that "[t]he Court, in exercising its discretion in matters like these, chooses not to grant this credit." The trial court gave no indication as to any reason for the denial of credit and did not attach to the order any records supporting the denial.
The supreme court has held that a trial judge does "have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida." Kronz v. State, 462 So.2d 450, 451 (Fla.1985). Moreover, in considering whether to award credit, a trial judge is to "consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced." Id.
The exercise of discretion is not unbridled but is subject to the test of reasonableness. This "requires a determination of whether there is logic and justification for the result." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). A court's discretionary power is not "to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner." Id.; see also Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930).
In order for this court to provide meaningful review of the trial court's denial of relief, the trial court should have attached those records, if any, which were relied upon to deny relief. See Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993). Absent such records, if there were reasons supporting the denial of relief then the trial court should have stated those reasons in its order. With such records or reasons, this court would be able to review the trial court's exercise of discretion and ascertain whether the trial court made a proper determination as to the appropriateness of an award as contemplated by Kronz. While the burden is on Heuton to establish the entitlement to credit, the trial court may not simply deny the request without some legal basis supporting the exercise of its discretionary authority.
Because the trial court did not attach records or set forth the reasons supporting its decision, we reverse. On remand, the trial court should attach to its order the pertinent documents or state in the order its reasons supporting the denial of credit. Otherwise, an appropriate amount of credit shall be determined and awarded.
Reversed and remanded.
BLUE, C.J., and STRINGER, J., concur.