796 So.2d 1271 (2001)
Anthony MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1611.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
*1272 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We reverse the trial court's finding of a violation of probation. After Martin filed a direct appeal of his conviction for criminal mischief, he was released from the incarceration portion of his sentence on an appeal bond.[1] Later the appeal was dismissed, as a result of which Martin should have surrendered himself to serve the remaining part of his one-year period of incarceration.[2] We agree with Martin that his sentence of probation had not yet actually begun when the affidavit of violation was served. Indeed the State concedes as much. A defendant cannot violate the technical conditions of probation which have not yet taken effect at the time of the alleged violations. Washington v. State, 579 So.2d 400, 401 (Fla. 4th DCA 1991). Thus, it was error for the trial court to deny his motion to dismiss the violation of probation charge. We agree that Martin's sentence could be deemed to begin on November 6, 2000. Martin was actually returned from New York on March 2, 2001. He was entitled to a credit for time served before sentencing, thus supporting a beginning date of November 6, 2000.
We do affirm, however, the trial court's discretionary decision to deny Martin credit for the time he was held in New York awaiting extradition to Florida. In Kronz v. State, 462 So.2d 450 (Fla.1985), the court held:
"section 921.161(1) requires the trial judge to give credit only for time served in Florida county jails pending disposition of criminal charges. The trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida."
462 So.2d at 451. In Heuton v. State, 790 So.2d 1204, 1205 (Fla. 2d DCA 2001), the court explained:
"`The exercise of discretion is not unbridled but is subject to the test of reasonableness. This `requires a determination of whether there is logic and justification for the result.' A court's discretionary power is not `to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner.''"
790 So.2d at 1205.
As regards Martin's request for credit for the time spent while he was detained in New York, the trial court explained:
"I'm going to deny credit for the New York time. I've considered the fact that Mr. Martin was not incarcerated in New *1273 York for any other reason, but I think the prosecutor's arguments are persuasive.... [This] case has had a tortured history. Mr. Martin has made no attempt to comply with the Court's order with reference to probation; [he] never came back down here and presented himself to proceed with the sentence. And I don't know if he fought extradition or not. My thought is, he did or he would have been down here a lot quicker. It shouldn't have been for Mr. Martin to make his decision when he's going to serve his jail time; that's really the Court's decision that he was to be in the Palm Beach County jail."
Here, the trial judge found that Martin had been absent from the court's jurisdiction for two and a half years since the dismissal of his direct appeal. After Martin was released from incarceration on the appeal bond in this case, he left for New York. Essentially the trial judge found no evidence that Martin made any effort in good faith to comply with any of the conditions of his probation. In particular Martin failed to comply with the condition requiring him to surrender himself upon the dismissal of his appeal.[3] When he was taken into custody by the New York authorities on the outstanding warrant in this case, he tried to avoid returning to Florida to comply with his probation.
The trial judge's explanation has logic and justification for the denial. We cannot say that it was the product of whim or caprice, and it was consistent with this record. Martin has therefore failed to demonstrate that discretion has been abused.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] He was sentenced to three years probation, with a condition of serving the first year in the Palm Beach County jail with credit for time already served of 151 days.
[2] See Fla. R.Crim. P. 3.691(d).
[3] See supra note 2.