820 So.2d 1048 (2002)
Matthew McRAE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1605.
District Court of Appeal of Florida, Second District.
July 10, 2002.

*1049 EN BANC
WHATLEY, Judge.
Matthew McRae appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's denial of the motion, but we recede from Mazza v. State, 804 So.2d 613 (Fla. 2d DCA 2002), which McRae cited in his motion. Mazza holds that a defendant is entitled to credit on a Florida prison sentence from the time a detainer was placed on the defendant while the defendant was in prison out of state. Different principles apply to giving credit depending on whether a defendant is incarcerated inside or outside of Florida when the detainer is lodged. Mazza mistakenly applied the wrong law.
A defendant is entitled to receive credit for time spent in jail in Florida if the sentencing county places a detainer on the defendant while the defendant is in another county's jail. Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001). In Keene v. State, 816 So.2d 819 (Fla. 2d DCA 2002), the court extended Bryant by applying it to detainers that are placed on a defendant while in a Florida prison. However, apart from the erroneous holding in Mazza, this entitlement has not been extended to incarceration outside the State of Florida.
A trial court has discretionary authority to award credit for the time a defendant was incarcerated outside the state while awaiting transfer to Florida. Kronz v. State, 462 So.2d 450, 451 (Fla. 1985); DeGeso v. State, 771 So.2d 1264, 1265 (Fla. 2d DCA 2000). When deciding whether to award credit, "a trial court should consider whether the defendant was being held `solely because of the Florida offense for which he or she is being sentenced.'" DeGeso, 771 So.2d at 1265 (quoting Kronz, 462 So.2d at 451). This court has stated that the exercise of this discretion "is not unbridled but is subject to the test of reasonableness," and when a trial court denies credit, the trial court must attach documentation or state the reasons for denying the credit. Heuton v. State, 790 So.2d 1204, 1205 (Fla. 2d DCA 2001). Mazza overlooked the holding in Heuton. Thus, we recede from the portions of Mazza that imply an absolute entitlement to credit for time after the placement of a Florida detainer on a defendant incarcerated outside the State of Florida.
The trial court exercised appropriate discretion in denying McRae the credit for time spent in an Arkansas prison, and we accordingly affirm.
BLUE, C.J., PARKER, ALTENBERND, FULMER, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, COVINGTON, and KELLY, JJ., Concur.