848 So.2d 417 (2003)
James Robert REDDING, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1084.
District Court of Appeal of Florida, Second District.
June 27, 2003.
*418 STRINGER, Judge.
James Robert Redding, Jr. challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Redding sought credit for time served while being held in a Texas jail on a warrant issued in this case. We reverse because the trial court did not attach records or set forth any grounds supporting the denial of credit.
In the motion for correction of sentence, Redding alleged that he had been arrested on October 15, 2001, in Hidalgo County, Texas, on a fugitive warrant issued in Collier County, Florida, for violation of probation. Redding claimed that he was held in Texas solely on the Florida warrant. In his motion, Redding requested jail time credit from October 15, 2001, until December 7, 2001.
The trial court, in its order denying relief, cited McRae v. State, 820 So.2d 1048 (Fla. 2d DCA 2002), asserting that the awarding of credit for time served out of state is within the sound discretion of the trial court. This is correct. However, McRae also held that the exercise of this discretion is not unbridled; when the trial court denies credit, the trial court must attach documentation or state the reasons for denying the credit. Id. at 1049. Because the trial court gave no indication as to any reason for the denial of credit and did not attach to the order any records supporting the denial, we reverse. On remand, the trial court should attach to its order pertinent documents or state in the order its reasons supporting the denial of credit. Otherwise, an appropriate amount of credit shall be determined and awarded. See Heuton v. State, 790 So.2d 1204 (Fla. 2d DCA 2001).
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., concur.