909 So.2d 531 (2005)
Michael GISI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-681.
District Court of Appeal of Florida, Second District.
August 31, 2005.
*532 Michael Gisi, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
This court previously affirmed Michael Gisi's convictions and sentences on numerous criminal charges arising from his sexual relationship with a thirteen-year-old girl. Gisi v. State, 818 So.2d 510 (Fla. 2d DCA 2002) (table decision). Thereafter, Gisi filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(c), alleging that he had received ineffective assistance of appellate counsel. We granted the petition in part and permitted Gisi a second direct appeal on the issues of double jeopardy, the denial of a motion for judgment of acquittal, and the scoring of victim injury points on his sentencing scoresheet. Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003). As explained below, we now reverse Gisi's convictions on count 3 and on counts 5 through 12, and we remand for resentencing on the remaining convictions.
The evidence at trial reflected that Gisi met the victim in an Internet chat room in 1998. In November of that year he traveled from his home near Sioux Falls, South *533 Dakota, to Pinellas County, where the victim resided, and stayed with her in a motel room. Gisi and the girl engaged in sex on four occasions over three days. As to each of these sexual encounters, Gisi was charged with three violations of section 800.04, Florida Statutes (1997): sexual intercourse in violation of section 800.04(2) (counts 1 through 4) and two methods of handling and fondling (using his mouth and fingers) in violation of section 800.04(1) (counts 5 through 12). Gisi was convicted of three counts for a sexual episode on Thursday, six counts for two sexual episodes on Friday, and three counts for a sexual episode on Saturday.[1]
Gisi argues that the multiple convictions for each sexual episode violated double jeopardy. We agree. The constitutional guarantee against double jeopardy prohibits multiple convictions for lewd and lascivious acts that are not sufficiently discrete to be deemed separate offenses. See Morman v. State, 811 So.2d 714, 717 (Fla. 2d DCA 2002) (reversing two of the four convictions arising out of two sexual episodes because "the various lewd and lascivious acts were not sufficiently discrete for them to be deemed separate offenses within each episode"); see also Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001) (reversing one of two convictions for fondling that occurred during a single episode and stating that double jeopardy requires an analysis of "the spatial and temporal aspects of the multiple occurrences ... in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences"). At Gisi's trial the victim testified that, in each episode, the handling and fondling was foreplay preceding the intercourse. Each episode was a continuous course of conduct without a break in time or a change in location. Because the handling and fondling activities were part and parcel of the episodes involving sexual intercourse, we reverse the convictions and sentences for handling and fondling charged in counts 5 through 12.
Gisi also argues that the trial court erred in failing to grant his motion for a judgment of acquittal on the counts alleging a second sexual episode on Friday. The trial court denied the motion, concluding that the victim's inconsistent testimony presented a factual determination for the jury. However, while the victim consistently testified that there were two episodes on one day, and at one point she testified that there were two episodes on Saturday, she never testified that there were two episodes on Friday. The State had specifically alleged certain dates in a statement of particulars, and Gisi was entitled to an acquittal when the evidence failed to establish that the offense occurred on the date specified. See State v. Jefferson, 419 So.2d 330 (Fla.1982); see also Audano v. State, 674 So.2d 882, 883 (Fla. 2d DCA 1996) ("When a bill of particulars narrows the time within which the crime occurred, and the prosecution fails to show the defendant committed the offense within that time frame, a conviction on the charge must be reversed."). Because the State failed to prove a second episode of sexual activity on Friday, the trial court erred by denying the motion for judgment of acquittal on counts 3, 7, and 11. We are already reversing the convictions on counts 7 and 11, and we also reverse Gisi's conviction on count 3.
On the sentencing issue, the State concedes that penetration points should not have been added to Gisi's sentencing scoresheet because the jury was not asked *534 to, and did not, make findings of penetration. Therefore, we reverse the sentences and remand for resentencing without penetration points. See Whalen v. State, 895 So.2d 1222 (Fla. 2d DCA 2005). Contact points shall be scored for counts 1, 2, and 4 at the resentencing on remand. See Behl v. State, 898 So.2d 217, 222-23 (Fla. 2d DCA 2005).
Gisi has raised an additional issue challenging the constitutionality of the Criminal Punishment Code. Because this issue is beyond the scope of relief granted on the petition for ineffective assistance of appellate counsel, see Gisi, 848 So.2d 1278, we decline to address it.
We affirm the convictions on counts 1, 2, 4, 13, and 14; we reverse the convictions on count 3 and counts 5 through 12; and we reverse the sentences and remand with directions for resentencing.
Affirmed in part, reversed in part, and remanded.
KELLY and WALLACE, JJ., Concur.
NOTES
[1] Gisi was also convicted of interference with custody, § 787.03, Fla. Stat. (1997), and seduction of a child via computer, § 847.0135(3), Fla. Stat. (1997).