933 So.2d 1282 (2006)
Lawrence MONTAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-971.
District Court of Appeal of Florida, Second District.
July 28, 2006.
*1283 SALCINES, Judge.
Lawrence Montague appeals the postconviction court's denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Montague claims he is entitled to additional jail credit in Hillsborough County case number 89-02618 for the time he spent in Hernando County jail from November 29, 1994, to January 5, 1995, and for the time he spent in Hillsborough County jail from January 6, 1995, to February 20, 1995.
Because Montague failed to provide any record evidence that either a warrant or a detainer was lodged against him from Hillsborough County while he was in jail in Hernando County, we affirm the postconviction court's decision as to this claim, without prejudice to Montague's right to refile his motion showing entitlement to additional jail time credit pursuant to Gethers v. State, 838 So.2d 504 (Fla.2003). See Smith v. State, 884 So.2d 316 (Fla. 2d DCA 2004).
However, the postconviction court failed to address, and the attachments to the postconviction court's order do not conclusively refute, Montague's claim that he did not receive credit for the time he spent in Hillsborough County jail from January 6, 1995, to February 20, 1995. Accordingly, we reverse and remand for the postconviction court to reconsider Montague's claim. On remand, if the postconviction court summarily denies the claim, it must set forth its reasoning and attach portions of the record that conclusively refute Montague's allegation. See Carroll v. State, 914 So.2d 1014 (Fla. 2d DCA 2005); O'Neill v. State, 861 So.2d 1234 (Fla. 2d DCA 2003).
Affirmed in part; reversed in part and remanded.
DAVIS and WALLACE, JJ., Concur.