957 So.2d 32 (2007)
Daniel A. GARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3097.
District Court of Appeal of Florida, Second District.
April 25, 2007.

*33 EN BANC
ALTENBERND, Judge.
Daniel A. Garnett appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[1] Mr. Garnett is seeking jail credit for time spent in an Ohio jail in 2000 on a fugitive warrant issued by the trial court in this case. Such out-of-state jail credit is not credit that a defendant is entitled to receive as a matter of law, but is instead an issue that is within the inherent discretion of the sentencing court. See Kronz v. State, 462 So.2d 450, 451 (Fla.1985); McRae v. State, 820 So.2d 1048, 1049 (Fla. 2d DCA 2002); DeGeso v. State, 771 So.2d 1264, 1265 (Fla. 2d DCA 2000); Zygadlo v. State, 676 So.2d 1015, 1016 (Fla. 5th DCA 1996). We affirm the postconviction court's order denying relief because such discretionary credit is not "an entitlement" for purposes of rule 3.800(a) that may be requested at any time. If a defendant is seeking out-of-state jail credit in a postconviction proceeding, it would appear that the proper method to seek such relief would normally require a timely allegation of ineffective assistance of trial counsel under rule 3.850. We write to recede from this court's prior decision in Heuton v. State, 790 So.2d 1204 (Fla. 2d DCA 2001), to the extent that it conflicts with this opinion. We also recede from Redding v. State, 848 So.2d 417 (Fla. 2d DCA 2003), and Robbins v. State, 799 So.2d 1093 (Fla. 2d DCA 2001), to the extent that these cases rely upon Heuton and conflict with the opinion herein.
Mr. Garnett was charged with three counts of lewd and lascivious acts on a child under the age of sixteen for events that occurred in 1996 and 1997. After failing to appear for trial, he was convicted and sentenced in absentia on October 30, 1998, to concurrent terms of 200 months' *34 incarceration.[2] In August 2000, Mr. Garnett was apprehended in Ohio on the active fugitive warrant arising from this case. At the same time, it appears that prosecutors in Ohio filed an indictment against him charging two counts of trafficking in cocaine. Mr. Garnett allegedly pleaded guilty to the charges in Ohio and was sentenced to five years' community control in December 2000. He apparently was extradited to Florida and imprisoned here in January 2001.
Thereafter, Mr. Garnett was resentenced in Florida in March 2002 because his original sentence was affected by Heggs v. State, 759 So.2d 620 (Fla.2000). He received concurrent terms of 91.75 months' incarceration on the three convictions, with 70 days of jail credit for time served in Florida; he did not receive credit for the time that he allegedly spent in an Ohio jail. Mr. Garnett did not appeal the 2002 sentence.[3]
In the postconviction motion at issue, Mr. Garnett alleges that he spent 162 days in an Ohio jail before he was extradited to Florida in January 2001.[4] He claims that he should receive jail credit in Florida because the Ohio court imposed a nonprison sentence and, but for the Florida warrant, he could have posted bond in Ohio.
We first note that a motion filed pursuant to rule 3.800(a) is appropriate to correct jail credit issues only when "it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief." Fla. R.Crim. P. 3.800(a); see Wilkins v. State, 932 So.2d 1271, 1271 (Fla. 2d DCA 2006). Although it is rare for court records to resolve this issue on their face, the rules do provide relief in such a rare case. Mr. Garnett did not affirmatively allege this required language, and we are uncertain of the content of the trial court record as it relates to this issue. Mr. Garnett, however, clearly sought credit for time spent in an out-of-state jail. It is now well established under Kronz that such credit is a matter of discretion with the sentencing court, not an entitlement. 462 So.2d at 451. On at least one prior occasion, this court reversed a postconviction court's denial of a similar motion. See Heuton v. State, 790 So.2d 1204. In Heuton, we stated:
The supreme court has held that a trial judge does "have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida." Kronz v. State, 462 So.2d 450, 451 (Fla.1985). Moreover, in considering whether to award credit, a trial judge is to "consider the appropriateness of an award of credit for time served when the defendant was incarcerated in another state solely because of the Florida offense for which he or she is being sentenced." Id.

*35 The exercise of discretion is not unbridled but is subject to the test of reasonableness. This "requires a determination of whether there is logic and justification for the result." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). A court's discretionary power is not "to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner." Id.; see also Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930).
In order for this court to provide meaningful review of the trial court's denial of relief, the trial court should have attached those records, if any, which were relied upon to deny relief. See Inclima v. State, 625 So.2d 978 (Fla. 5th DCA 1993). Absent such records, if there were reasons supporting the denial of relief then the trial court should have stated those reasons in its order. With such records or reasons, this court would be able to review the trial court's exercise of discretion and ascertain whether the trial court made a proper determination as to the appropriateness of an award as contemplated by Kronz. While the burden is on Heuton to establish the entitlement to credit, the trial court may not simply deny the request without some legal basis supporting the exercise of its discretionary authority.
Because the trial court did not attach records or set forth the reasons supporting its decision, we reverse. On remand, the trial court should attach to its order the pertinent documents or state in the order its reasons supporting the denial of credit. Otherwise, an appropriate amount of credit shall be determined and awarded.
Id. at 1205.
Upon further consideration, it is clear that we did not focus on the requirement of an "entitlement" for purposes of rule 3.800(a) in Heuton. For purposes of direct appeal, a defendant is certainly entitled to preserve and argue that the sentencing court did not properly exercise discretion in denying out-of-state jail credit.[5] Conceivably, a defendant could argue in a motion filed pursuant to rule 3.850 that his trial counsel was ineffective for failing to argue and preserve this issue for direct appeal. However, the "entitlement" contemplated in rule 3.800(a) is an entitlement to an award of jail credit as a matter of law. Under the holding of Kronz, such an entitlement does not exist for time spent while detained out of state on a fugitive warrant. Accordingly, we recede from Heuton, Redding, and Robbins to that extent and affirm the postconviction court's order.
Affirmed.
FULMER, C.J., and WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, CANADY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] We note that several years ago, Mr. Garnett filed a motion to correct illegal sentence pursuant to rule 3.800(a), which the postconviction court summarily denied as facially insufficient. We affirmed the denial of that motion without prejudice to Mr. Garnett's right to file a facially sufficient motion pursuant to either rule 3.850 or 3.800(a). Garnett v. State, 841 So.2d 584 (Fla. 2d DCA 2003).
[2] Mr. Garnett's trial counsel filed an appeal of that judgment and sentence, which was dismissed after his court-appointed appellate counsel filed an Anders brief. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see Griffis v. State, 759 So.2d 668, 672 (Fla.2000) (providing that when a defendant absconds and fails to return before the appellate process begins, it may be appropriate to dismiss the appeal).
[3] For all we know, his trial counsel at resentencing may have argued that his client should receive credit for the time spent in the Ohio jail and the trial judge rejected that argument.
[4] We are uncertain whether the documents attached to Mr. Garnett's motion to correct illegal sentence are actually documents that existed in the record of his Florida criminal case prior to this motion. The postconviction court neither relied upon them in denying Mr. Garnett's motion nor struck them as materials outside the record.
[5] There does not appear to be any case law developing the circumstances that might constitute an abuse of discretion in this situation, but that may simply reflect the fact that trial courts have been consistently reasonable in granting credit when it is appropriate.