NORTHCUTT, Judge.
 

 Larry Wombaugh challenges the order of the postconviction court denying his mo
 
 *708
 
 tion for jail credit which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although not specifically delineated in the motion, Wombaugh sought credit against his prison sentence for time spent in jail in North Carolina following his arrest there on a fugitive warrant and also for time spent in jail in Pinellas County following his extradition to Florida. We affirm the postconviction court’s order as it relates to the claim for out-of-state jail credit. However, we reverse the denial of the claim for Pinellas County jail credit and remand for further proceedings on this issue.
 

 Wombaugh filed the present motion in trial court case number 07-4247. Wom-baugh pleaded nolo contendere in trial court case number 06-9737 to aggravated stalking and felony battery. In 07-4247, he pleaded nolo contendere to failure to appear. On November 13, 2007, the trial court sentenced Wombaugh in both cases to concurrent sentences of forty-two months in prison on all three felony convictions. Wombaugh was awarded 277 days’ jail credit on both counts of 06-9737 and 258 days’ credit on 07-4247. Subsequently, Wombaugh filed a postconviction motion seeking credit in 06-9737 for the time he spent in jail in North Carolina following his arrest there on January 15, 2007. In that case, the postconviction court found that Wombaugh was actually arrested on January 16, 2007, on the fugitive warrant and was then transferred to Pinellas County on February 11, 2007. It awarded him an additional 27 days’ jail credit for a total of 304 days’ credit.
 

 In the present motion, Wombaugh alleged that he was also arrested on 07-4247 in North Carolina on January 15, 2007. He further alleged that he remained in custody until he was sentenced on November 13, 2007, and that he is entitled to a total of 303 days’ jail credit rather than the 258 days awarded.
 
 [1]
 
 The postconviction court ultimately denied the motion, finding that Wombaugh was awarded out-of-state jail credit in 06-9737 and that he failed to present any documentation showing that he was arrested in North Carolina on 07-4247. The postconviction court further found that Wombaugh was not arrested on the offense of failure to appear, which was charged in 07-4247, until March 1, 2007, at which time he was already in custody in the Pinellas County jail on 06-9737.
 

 The North Carolina waiver of extradition attached to Wombaugh’s motion indicates that the offenses for which Florida was seeking extradition were “Fta/stalking.” The North Carolina fugitive warrant, also attached to the motion, indicates that Wombaugh was arrested for “FTA STALKING.” FTA is as an acronym for failure to appear. Thus, the documentation establishes that Wombaugh was arrested for failing to appear for a scheduled court date in 06-9737. The failure to appear subsequently became the basis of the charge in 07-4247. We therefore conclude that the postconviction court was incorrect when it found that Wombaugh failed to present any documentation that he was arrested in North Carolina on the charge of failure to appear, and we hold that he was in fact arrested on that charge when taken into custody on the fugitive warrant in North Carolina. Wombaugh claimed that the waiver of extradition and the fugitive warrant were part of the trial court record, and the postconviction court, in its orders, does not dispute this assertion.
 

 
 *709
 
 A claim that a defendant is entitled to out-of-state jail credit is not cognizable in a rule 3.800(a) motion but must be raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel.
 
 Garnett v. State,
 
 957 So.2d 32, 33 (Fla. 2d DCA 2007) (en banc). Although Wom-baugh’s motion was under oath and therefore met the requirements of rule 3.850, he did not allege that trial counsel was ineffective in failing to request that the trial court award out-of-state jail credit, and the motion is facially insufficient under rule 3.850. Our affirmance is therefore without prejudice to any right Wombaugh may have to file a facially sufficient rule 3.850 motion alleging that trial counsel was ineffective in failing to request out-of-state jail credit.
 
 [2]
 
 Wombaugh shall have sixty days from the date of the mandate in this case in which to file such a motion, and the postconviction court shall consider the motion timely filed.
 

 Although Wombaugh made no distinction between out-of-state and in-state jail credit, the postconviction court’s order granting jail credit in 06-9737 and the order denying rehearing in the present case indicate that Wombaugh was extradited to Pinellas County on February 11, 2007, following his arrest in North Carolina for failing to appear for a court date in 06-9737, but that he was not formally arrested in Pinellas County for the offense of failure to appear until March 1, 2007. If this is correct, Wombaugh is entitled to credit from February 11 to March 1, 2007. Wombaugh properly alleges that the trial court’s records demonstrate his entitlement to credit, and he has presented a facially sufficient rule 3.800(a) claim regarding the Pinellas County jail credit. We therefore reverse that portion of the order denying Wombaugh’s claim to instate jail credit and remand for further proceedings on this issue.
 

 Affirmed in part, reversed in part, and remanded.
 

 VILLANTI and WALLACE, JJ., Concur.
 

 [1]
 

 . Wombaugh spent one day in jail on 06-9737, which accounts for the discrepancy between the 304 days' total amount of credit he was awarded in that case and the 303 days’ total credit he seeks in the present case.
 

 [2]
 

 . We note that when the postconviction court is deciding whether to award such credit, it should consider whether the defendant was being held in a different state solely for the Florida offense for which he is seeking credit.
 
 See McRae
 
 v.
 
 State,
 
 820 So.2d 1048, 1049 (Fla. 2d DCA 2002) (en banc). Furthermore, the exercise of the postconviction court’s discretion is not unbridled but is subject to the test of reasonableness. When the postconviction court denies a claim for out-of-slate jail credit, it must attach documentation or state the reason for denying the claim.
 
 Id.