PER CURIAM.
Michael Gisi appeals the summary dismissal of his motion for jail credit filed under Florida Rule of Criminal Procedure 3.800(a). Gisi is seeking jail credit for time he spent in a South Dakota jail and in a Bradford County, Florida, jail prior to sentencing in Pinellas County. We reverse the postconviction court’s dismissal order and remand for further proceedings.
The postconviction court found that Gisi’s claim of entitlement to out-of-state jail credit was not cognizable in a rule 3.800(a) motion but should have been raised in a timely motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. See Garnett v. State, 957 So.2d 32, 33 (Fla. 2d DCA 2007) (en banc) (“If a defendant is seeking out-of-state jail credit in a post-conviction proceeding, it would appear that the proper method to seek such relief would normally require a timely allegation of ineffective assistance of trial counsel under rule 3.850.”). The postconviction court also found that Gisi’s claim of out-of-county jail credit was facially insufficient under rule 3.800(a) because he failed to provide documentation showing that he was arrested in Bradford County on a Pinellas County warrant or detainer. The court further found that because the Bradford County jail credit claim involved disputed issues of fact, it could only be resolved pursuant to rule 3.850. See Montague v. State, 933 So.2d 1282, 1283 (Fla. 2d DCA 2006); Mendez v. State, 42 So.3d 848, 848 (Fla. 5th DCA 2010).
The postconviction court neither addressed the claims on the merits nor treated the motion as though it were properly filed under rule 3.850 because the motion did not contain a sworn oath as required by rule 3.850(c). However, the court found that the motion would have been untimely under rule 3.850 because Gisi’s judgment and sentence became final when the mandate in Gisi’s appeal issued on January 26, 2007. Thus, the court con- *495 eluded that Gisi’s rule 3.850 motion addressing the out-of-state and out-of-eounty jail credit claims should have been raised by January 26, 2009, thereby rendering his April 20, 2012, motion untimely. The post-conviction court used an incorrect date to calculate the two-year time frame under rule 3.850 and incorrectly found that the motion was untimely.
The appellate history of this case is extensive. See Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003); Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005) (Gisi I); Gisi v. State, 948 So.2d 816 (Fla. 2d DCA 2007) (Gisi II) rev’d, per curiam, Gisi v. State, 4 So.3d 613 (Fla.2009) (Gisi III). As a result of a successful petition alleging ineffective assistance of appellate counsel, Gisi was granted a second direct appeal in which we affirmed his convictions in part, reversed his convictions in part, reversed his sentences, and remanded with directions for resentencing. See Gisi I, 909 So.2d at 532. On appeal from resentenc-ing, we affirmed the sentences and certified a question of great public importance to the supreme court. See Gisi II, 948 So.2d at 816-17. The supreme court quashed our decision and remanded the case for further proceedings consistent with its decision in State v. Rabedeau, 2 So.3d 191 (Fla.2009). See Gisi III, 4 So.3d at 614. On remand, we withdrew by unpublished order the January 26, 2007, mandate that issued in Gisi II, reversed the judgment in part, and remanded for further proceedings.
Gisi was resentenced on May 5, 2010. Because he did not appeal the new sentence, it became final — and the clock under rule 3.850 began to run — when the thirty-day period for filing an appeal expired. See Snipes v. State, 843 So.2d 1043, 1044 (Fla. 2d DCA 2003); Ross v. State, 947 So.2d 699, 701 (Fla. 4th DCA 2007); see also Westley v. State, 903 So.2d 312, 313 (Fla. 2d DCA 2005); Davis v. State, 687 So.2d 292, 293 (Fla. 2d DCA 1997). Thus, Gisi had until June 5, 2012, to file a timely postconviction motion, so his April 20, 2012, motion was timely.
Even though the motion was timely filed, it was facially insufficient for failure to contain an oath. See Fla. R. Crim. P. 3.850(c). Also, Gisi did not properly raise his claim for out-of-state jail credit. See Garnett, 957 So.2d at 33. He is therefore entitled to an opportunity to amend the motion and raise a facially sufficient claim regarding out-of-state jail credit, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2); Spera v. State, 971 So.2d 754, 755 (Fla.2007).
With respect to Gisi’s claim for out-of-county jail credit, the postconviction court correctly determined that the claim was facially insufficient. See Montague, 933 So.2d at 1283. However, claims of jail credit must now be raised under the new Florida Rule of Criminal Procedure 3.801, which provides that “[a] court may correct a sentence that fails to allow a defendant credit for all the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes.” Fla. R. Crim. P. 3.801(a).
Although the court commentary to rule 3.801 states that “[a]ll jail credit issues must be handled pursuant to this rule,” the rule does not apply to claims of jail credit for the time a defendant was incarcerated outside the state while awaiting sentencing. See In re Amendments to the Fla. Rules of Criminal Procedure & the Fla. Rules of Appellate Procedure, No. SC11-1679, slip op. at 6, 27 (Fla. Feb. 6, 2014), available at http://www.florida supremecourt.org/decisions/2014/scll-1679.pdf. (“This new rule governs the correction of a sentence that fails to allow county jail time credit as provided in section 921.161, Florida Statutes (2012).”). *496 Section 921.161(1) (2012) provides that “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” The supreme court has held that the term “county jail” in section 921.161(1) “is applicable only to Florida jails and ... was not intended by the legislature to apply to various places of incarceration in other jurisdictions.” Kronz v. State, 462 So.2d 450, 451 (Fla.1985). Thus, rule 3.801 can be used only to seek jail credit for time spent in Florida jails before sentencing.
Accordingly, we reverse the order of the postconviction court and remand with directions for the postconviction court to permit Gisi to file a facially sufficient rule 3.850 motion for out-of-state jail credit within 60 days of the date that our opinion becomes final. The court shall also allow Gisi to file a rule 3.801 motion for out-of-county jail credit by July 1, 2014. See In re Amendments, No. SC11-1679, slip op. at 6. (“The rule provides a one-year grace period for sentences imposed prior to July 1, 2013.”). If Gisi chooses to file a rule 3.801 motion, the motion must comply with the requirements of rules 3.801(c), (e), and 3.850(n). Upon receipt of a rule 3.801 motion, the court must follow the procedure outlined in rule 3.850(f). See Fla. R. Crim. P. 3.801(e).
Reversed and remanded.
VILLANTI, LaROSE, and CRENSHAW, JJ., Concur.