NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ALEXANDER PATTERSON,    )
                        )
        Appellant,      )
                        )
v.                      )        Case No. 2D13-4860
                        )
STATE OF FLORIDA,       )
                        )
        Appellee.       )
_____)

Opinion filed July 2, 2014.


Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.


VILLANTI, Judge.

        Alexander Patterson appeals the summary dismissal of his motion for jail

credit filed under Florida Rule of Criminal Procedure 3.800(a).  Patterson sought credit

against his prison sentence for time spent in jail in New York.  Because the trial court

based its dismissal on the erroneous application of Florida Rule of Criminal Procedure

3.801, we reverse the dismissal order and remand for further proceedings.

        Patterson pleaded no contest to lewd and lascivious battery on a child

older than twelve but under sixteen years of age and was originally sentenced to fifty-

one months in prison followed by ten years' probation. Following the revocation of his probation, he was sentenced to 85.65 months in prison. Pursuant to the plea agreement, he was awarded 150 days of jail credit.

In his current motion, Patterson claims that he is entitled to an additional award of out-of-state jail credit for time spent in jail in New York. The postconviction court treated the motion as though it were raised under newly adopted rule 3.801. The court found that Patterson had previously litigated a claim for jail credit in an earlier rule 3.800(a) motion and that he had negotiated his plea agreement to include credit for time spent in jail from October 25, 2011, until he was sentenced. The court further found that although Patterson's motion was facially insufficient under rule 3.801, he was not entitled to an opportunity to amend because there was no manifest injustice and the claim was therefore procedurally barred as successive.[1]

We first hold that the postconviction court erred in treating Patterson's claim for out-of-state jail credit as one filed under rule 3.801. In Gisi v. State, 135 So. 3d 493, 495 (Fla. 2d DCA 2014), we held that "[a]lthough the court commentary to rule 3.801 states that '[a]ll jail credit issues must be handled pursuant to this rule,' the rule does not apply to claims of jail credit for the time a defendant was incarcerated outside the state while awaiting sentencing." Instead, claims of entitlement to out-of-state jail

---

[1]We note that the postconviction court did not address the exact claim that Patterson raises here when it ruled on the earlier rule 3.800(a) motion. To date, no court has addressed the claim currently raised by Patterson that he is entitled to jail credit for time spent in jail in New York after his arrest for a violation of his probation on February 4, 2011, and while awaiting extradition to Pasco County. Patterson claims that Pasco County refused to extradite him and that he was released on May 25, 2011. He was rearrested on October 25, 2011, at which time Pasco County did extradite him. This current motion addresses Patterson's claim for jail credit from February 4 until May 25, 2011.

credit must be raised in a timely motion under rule 3.850. See id. at 495, 496 ("[R]ule 3.801 can be used only to seek jail credit for time spent in Florida jails before sentencing."); see also Wombaugh v. State, 25 So. 3d 707, 709 (Fla. 2d DCA 2010) (holding that claims for out-of-state jail credit are not cognizable in a rule 3.800(a) motion and must be raised under rule 3.850); Garnett v. State, 957 So. 2d 32, 33 (Fla. 2d DCA 2007) (en banc) (same). Hence, the postconviction court should have treated Patterson's claim as if it had been filed in a properly styled motion under rule 3.850. See Gill v. State, 829 So. 2d 299, 300 (Fla. 2d DCA 2002) ("Where a movant files a properly pleaded claim but incorrectly styles the postconviction motion in which it was raised, the trial court must treat the claim as if it had been filed in a properly styled motion."). And considering the motion as such, it is not procedurally barred either by the doctrine of collateral estoppel under rule 3.800(a), see State v. McBride, 848 So. 2d 287, 291 (Fla. 2003), or as successive under rule 3.801, see Fla. R. Crim. P. 3.801(d).

Moreover, had the postconviction court treated Patterson's motion as one filed under rule 3.850, he would have been entitled to amend his facially insufficient claim because the motion was filed within the two-year time limit of rule 3.850. See Wombaugh, 25 So. 3d at 709; Garnett, 957 So. 2d at 33 n.1. Because the postconviction court should have treated the claim as if it had been filed in a proper rule 3.850 motion, Patterson must be given an opportunity to amend the motion, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2); Spera v. State, 971 So. 2d 754, 762 (Fla. 2007). And because the record before this court indicates that Patterson has not previously filed a rule 3.850 motion raising such a claim, on remand, the motion should not be considered successive.

Accordingly, we reverse the order of the postconviction court and remand with directions for the postconviction court to permit Patterson to file a facially sufficient rule 3.850 motion for out-of-state jail credit within sixty days of the date that this opinion becomes final. Finally, because the Department of Corrections website indicates that Patterson has a current release date of October 1, 2014, we encourage the postconviction court to expedite its proceeding on remand.

Reversed and remanded with directions.

LaROSE and SLEET, JJ., Concur.