NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES DAVID DeANGELO,    )
                         )
        Appellant,       )
                         )
v.                       )    Case No. 2D14-2466
                         )
STATE OF FLORIDA,        )
                         )
        Appellee.        )
_____ )

Opinion filed July 16, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Charles B. Curry, Judge.

James David DeAngelo, pro se.


PER CURIAM.

James David DeAngelo appeals the postconviction court order summarily

denying his motion filed under Florida Rule of Criminal Procedure 3.801. We affirm the

order as it relates to DeAngelo's claim for out-of-state jail credit. However, we reverse

the denial of his claim for Polk County jail credit and remand for further proceedings.

Police arrested DeAngelo following a traffic stop in Maryland after they

discovered a fugitive warrant from Polk County for violation of probation. On January 3,

2013, after authorities transported him back to Polk County, the court sentenced

DeAngelo to thirty months' imprisonment.  DeAngelo timely filed this rule 3.801 motion, seeking jail credit for time he spent in Montgomery County, Maryland, while he was being held solely on a Polk County warrant and credit for time served in Polk County jail.  DeAngelo provided documents from the State of Maryland showing that he was arrested in Maryland on August 24, 2012, and was physically transported on December 5, 2012; he arrived at the Polk County jail on December 7, 2012, where he remained until sentencing.  The postconviction court found the motion facially sufficient and ordered the State to show cause why relief should not be granted.  The State argued that the motion should be denied because DeAngelo was seeking out-of-state jail credit and thus rule 3.850, not rule 3.801, is the proper vehicle.  The postconviction court agreed with the State and summarily denied the motion.

Because the award of out-of-state jail credit is within the sentencing court's discretion, the proper remedy to seek such credit is through a rule 3.850 motion. See Gisi v. State, 135 So. 3d 493, 494 (Fla. 2d DCA 2014) (citing Garnett v. State, 957 So. 2d 32, 33 (Fla. 2d DCA 2007) (en banc)).  Therefore, we affirm the denial of DeAngelo's claim for out-of-state jail credit without prejudice to any right he may have to file a facially sufficient rule 3.850 motion.  See Wombaugh v. State, 25 So. 3d 707, 709 (Fla. 2d DCA 2010); Brooks v. State, 91 So. 3d 212, 213 (Fla. 4th DCA 2012). However, because the postconviction court erred in failing to consider DeAngelo's facially sufficient claim that he did not receive credit for time served in Polk County jail, we reverse and remand for further proceedings as to that claim.  See Gore v. State, 100 So. 3d 177, 178 (Fla. 2d DCA 2012) (reversing and remanding because the postconviction court failed to address a claim and the attachments did not conclusively refute the defendant's allegations).

As it appears that DeAngelo is currently scheduled for release on September 3, 2014, we encourage the postconviction court to expedite its proceeding on remand.

Affirmed in part, reversed in part, and remanded.

SILBERMAN, LaROSE, and BLACK, JJ., Concur.