WALLIS, J.
Appellant appeals the trial court’s order summarily denying his Florida Rule of Criminal Procedure 3.801 motion requesting a correction to jail credit for time Appellant spent in Arizona and Florida jails. In the order, the trial court only addressed Appellant’s request for credit for jail time spent in Arizona. We reverse the order, remand for the trial court to issue a new order addressing time spent in Florida jails under Appellant’s rule 3.801 motion, and instruct the trial court to dismiss the rule 3.801 motion as it pertains to time spent incarcerated in Arizona. If Appellant seeks to correct jail credit for *1252 out-of-state incarceration, he may do so in a properly filed rule 3.850 motion.
Appellant filed a pro se motion under rule 3.801 arguing that the sentencing court miscalculated jail credit for time spent in Florida and Arizona jails. The trial court did not hold a hearing and denied the motion, only ruling that Appellant was not entitled to credit for time spent in out-of-state jails. The order was silent on Appellant’s request for jail credit spent in Florida jails. The trial court did not attach anything to the order. The trial court’s order contains two errors. First, the trial court summarily denied Appellant’s motion concerning credit for in-state incarceration. The State properly concedes that the trial court erred by failing to attach portions of the record that conclusively show Appellant is not entitled to relief. Romine v. State, 151 So.3d 553, 553 (Fla. 5th DCA 2014) (“When a rule 3.801 motion is summarily denied based on the records in the case, a copy of the portion of the files and records that conclusively show that the defendant is not entitled to relief shall be attached to the final order.” (citation omitted)).
Second, a rule 3.801 motion can address correction of jail credit only for instate incarceration. Patterson v. State, 141 So.3d 707, 708 (Fla. 2d DCA 2014) (holding that a claim of entitlement for out-of-state jail credit must be raised in a rule 3.850 motion (citing Gisi v. State, 135 So.3d 493, 496 (Fla. 2d DCA 2014))). Thus, the trial court erred when it addressed Appellant’s request for Arizona jail credit. We decline to treat the rule 3.801 motion as a rule 3.850 motion and instruct the trial court to allow Appellant to file a 3.850 motion, which should not be considered successive. See Patterson, 141 So.3d at 709 (reversing the order of the postconviction court, which denied relief in a rule 3.801 motion seeking credit for out-of-state jail incarceration, and remanding for the defendant to file a 3.850 motion that should not be considered successive).
REVERSED and REMANDED with instructions.
LAWSON and EDWARDS, JJ., concur.