NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PAUL R. PRIMAVERA,                      )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D15-4933
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____)

Opinion filed August 26, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; E. Lamar Battles,
Judge.

Paul R. Primavera, pro se.


PER CURIAM.

          Paul R. Primavera appeals the order denying his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  We reverse and

remand for further proceedings.

          In his motion, Primavera argued that his sentences for eight counts of

promotion of a sexual performance by a child violated his double jeopardy rights.  The

postconviction court correctly found that Primavera's claim was not cognizable in a rule

3.800(a) motion.  See Coughlin v. State, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006) (en

banc) (holding that double jeopardy challenges to sentences necessarily involve challenges to the underlying convictions and that rule 3.800(a) is limited to claims that the sentence is illegal). But the court incorrectly found that it could not consider the motion as filed under Florida Rule of Criminal Procedure 3.850 because it was untimely and facially insufficient. Rule 3.850(b) provides that motions under the rule must be filed within two years of the judgment and sentence becoming final. This court issued the mandate on November 19, 2013, and Primavera filed his motion on September 11, 2015. Thus, the motion was timely filed. Under rule 3.850, a movant is entitled to amend his motion to state a facially sufficient claim if he can do so in good faith. See Patterson v. State, 141 So. 3d 707, 709 (Fla. 2d DCA 2014) (holding that because the postconviction court should have treated Patterson's motion as if it had been filed under rule 3.850, he had to be given an opportunity to amend the motion pursuant to rule 3.850(f)(2) if he could do so in good faith).

Accordingly, we reverse the order denying Primavera's rule 3.800(a) motion and remand for the postconviction court to treat it as timely filed under rule 3.850.

Reversed and remanded.

NORTHCUTT, SILBERMAN, and SLEET, JJ., Concur.