# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1197
Lower Tribunal No. F16-567B
_____

**Osmany Haro,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Osmany Haro, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, C.J., and HENDON, and BOKOR, JJ.

FERNANDEZ, C.J.

Osmany Haro appeals the trial court order denying his motion for post-conviction relief based on ineffective assistance of counsel. Haro claims that

his lawyer was ineffective by failing to obtain jail credit for 113 days that Haro spent in custody in Colorado fighting extradition to Florida. The trial court denied the motion finding that Florida Rule of Criminal Procedure 3.801 requires that motions for jail credit be filed within one year from the time that the judgment and sentence became final. According to the trial court, Haro pleaded guilty and was sentenced on May 3, 2018, and he filed his motion for post-conviction relief on December 9, 2019,

In Gisi v. State, 135 So. 3d 493, 495 (Fla. 2d DCA 2014), our sister court concluded that "[a]lthough the court commentary to rule 3.801 states that '[a]ll jail credit issues must be handled pursuant to this rule,' the rule does not apply to claims of jail credit for the time a defendant was incarcerated outside the state while awaiting sentencing." This is because the rule refers to Florida Statute Section 921.161 (2012), and the Florida Supreme Court held that jail credit awarded pursuant to the statute applies only to Florida county jail time. See Kronz v. State, 462 So. 2d 450, 451 (Fla. 1985) ("[W]e conclude that section 921.161(1) requires the trial judge to give credit only for time served in Florida county jails pending disposition of criminal charges.")

2

Because the motion for post-conviction relief was timely filed pursuant to Florida Rule of Criminal Procedure 3.850, we reverse and remand for further proceedings.

Reversed and remanded.