DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EHAB MOUSTAFA GHONEIM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-0350

_____

January 16, 2026

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Keith Meyer, Judge.

Ehab Moustafa Ghoneim, pro se.


SILBERMAN, Judge.

Ehab Moustafa Ghoneim appeals the order summarily denying his motion for correction of jail credit filed under Florida Rule of Criminal Procedure 3.801. We reverse and remand for further proceedings.

In his rule 3.801 motion, Ghoneim argued that he is entitled to receive credit for time he spent in jail in Cook County, Illinois. The postconviction court summarily denied the motion, concluding that generally out-of-state credit must be raised in a rule 3.850 motion.

Out-of-state credit is not credit that a defendant is entitled to as a matter of law. *See Kronz v. State*, 462 So. 2d 450, 451 (Fla. 1985); *McRae v. State*, 820 So. 2d 1048, 1049 (Fla. 2d DCA 2002) (en banc). The postconviction court correctly concluded that the proper vehicle for a defendant seeking out-of-state jail credit is a timely motion for postconviction relief under rule 3.850. *See Garnett v. State*, 957 So. 2d 32, 33 (Fla. 2d DCA 2007) (en banc) ("If a defendant is seeking out-of-state jail credit in a postconviction proceeding, it would appear that the proper method to seek such relief would normally require a timely allegation of ineffective assistance of trial counsel under rule 3.850."). However, the postconviction court should have treated the claim for out-of-state jail credit as if it had been filed under the correct rule. *See Gill v. State*, 829 So. 2d 299, 300 (Fla. 2d DCA 2002) ("Where a movant files a properly pleaded claim but incorrectly styles the postconviction motion in which it was raised, the trial court must treat the claim as if it had been filed in a properly styled motion.").

Moreover, had the postconviction court treated the motion as one filed under rule 3.850, Ghoneim would have been entitled to amend his facially insufficient claim because the motion was filed within the two-year time limit of rule 3.850(b). Because the postconviction court should have treated the claim as if it had been filed in a proper rule 3.850 motion, Ghoneim must be given an opportunity to amend the motion, if he can do so in good faith. *See* Fla. R. Crim. P. 3.850(f)(2); *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).

Accordingly, we reverse the postconviction court's order and remand with directions for the postconviction court to permit Ghoneim to file a facially sufficient rule 3.850 motion for out-of-state jail credit within sixty days of the date that this opinion becomes final.

Reversed and remanded with directions.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.

————————————

Opinion subject to revision prior to official publication.